E. C. GROCE v. WALTER GROCE ET AL.

(Filed 9 November, 1938.)

**1. Process § 5—Averment that defendants are nonresidents is insufficient to support service of summons by publication.**

A sheriff's return that after due inquiry defendants "are said to be residents and citizens" of another State, and an averment in the complaint, used as an affidavit, that defendants were residents of such other State, is insufficient to support service of summons by publication, since notwithstanding such nonresidence defendants might be visitors in the State and amenable to process here, and it being required that it appear by proper averment that defendants "cannot, after due diligence, be found in the State," C. S., 484.

**2. Judgments §§ 22b, 26—**

A judgment entered upon a fatally defective service of summons by publication is void for want of jurisdiction, and defendants' motion in the cause to set same aside should be allowed.

APPEAL by movants, W. J. Groce and Amanda Jane Groce, from *Pless, J.,* at February Term, 1938, of YADKIN.

On 6 April, 1937, E. C. Groce instituted an action against the movants herein in the Superior Court of Yadkin County by (1) issuing summons, (2) filing "complaint and affidavit," (3) obtaining warrant of attachment, and (4) notice of service by publication. On the same day, the sheriff made return on the summons as follows: "Returned not served. After due search and inquiry the defendants Walter Groce and Amanda Jane Groce are said to be residents and citizens of the State of Ind."

The complaint, used as an affidavit, contains the averment that "the defendants and each of them are residents of the County of Henry and State of Indiana."

The defendants filed no answer and made no appearance.

At the December Term, 1937, Yadkin Superior Court, issues were submitted to a jury and answered in favor of the plaintiff, and judgment was entered thereon directing sale of land, etc.

Thereafter, in February, 1938, this action was begun to restrain the sale of the land and to have the judgment vacated. By consent, the matter came on for hearing before *Pless, J.,* upon the return date of the restraining order, at which time the plaintiffs were allowed to treat their complaint as an affidavit and motion in the original cause.

The motion to vacate the judgment in the original action was denied, and from this ruling the movants appealed, assigning errors.

*Parks G. Hampton and Don A. Walser for movants, appellants.*
*F. D. B. Harding and William M. Allen for respondents, appellees.*

STACY, C. J. The record contains no averment, by affidavit or otherwise, that the defendants "cannot, after due diligence, be found in the State." *Denton v. Vassiliades,* 212 N. C., 513, 193 S. E., 737. This is an essential requirement to obtain service of summons by publication, C. S., 484, and it must be made to appear "to the satisfaction of the court." *Bethell v. Lee,* 200 N. C., 755, 158 S. E., 493; *Grocery Co. v. Bag Co.,* 142 N. C., 174, 55 S. E., 90; *Wheeler v. Cobb,* 75 N. C., 21. It will not suffice simply to say the defendants are nonresidents of the State. *Davis v. Davis,* 179 N. C., 185, 102 S. E., 270. *Non constat* that they may not be frequent visitors to the State and amenable to process while here. *Hill v. Lindsay,* 210 N. C., 694, 188 S. E., 406.

In *Fowler v. Fowler,* 190 N. C., 536, 130 S. E., 315, it was held that service of summons by publication, on a defective affidavit, was ineffectual to bring the defendants into court. To like effect is the decision in *Denton v. Vassiliades, supra.*

It is the universal holding that unless one named as a defendant has been brought into court in some way sanctioned by law, or makes a voluntary appearance in person or by attorney, a judgment rendered against him is void for want of jurisdiction. *Stevens v. Cecil, ante,* 217; *Downing v. White,* 211 N. C., 40, 188 S. E., 815; *Harrell v. Welstead,* 206 N. C., 817, 175 S. E., 283.

There was error in denying the motion of appellants. *Denton v. Vassiliades, supra.*

Error.