ARTHUR HERMENIJILDO RODRIGUEZ v. ISABEL RODRIGUEZ.

(Filed 3 May, 1944.)

**1. Judgments §§ 1, 2—**

In many respects a judgment by consent is treated as a contract between the parties. The power to render such judgment depends upon the

subsistence of the consent at the time the agreement receives the sanction of the court, or is rendered and promulgated as a judgment. Without such consent the judgment is void.

**2. Process § 11: Judgments § 1: Divorce § 10—**

In an action for divorce a defect in service of process cannot be validated by a consent judgment, since that would be, in practical effect, consenting to a divorce—which is diametrically opposed to public policy.

**3. Appearance §§ 1, 2a—**

A defendant, by asking leave to file an answer to the complaint, casts aside the cloak of special appearance assumed for the purpose of objecting to the jurisdiction and, in effect, enters a general appearance.

**4. Same: Judgment § 2: Divorce § 10—**

While a request by defendant for leave to answer supersedes her motion to dismiss the action for want of service, it does not, by relation back, cure any prior fatal defect in the proceeding with reference to notice, or validate a judgment or decree of divorce entered upon such defective service.

**5. Process §§ 5, 11—**

The jurisdiction of the court, where substituted service is sought, depends upon the factual representations made to it under statutory procedure. G. S., 1-98. Since this method of giving notice is out of the ordinary, a strict compliance with the statute has always been deemed to be necessary. Averment as to due diligence is jurisdictional and its absence is a fatal defect.

**6. Same: Judgments §§ 2, 22h—**

While an affidavit, upon which substituted service is based, may be amended, G. S., 1-163, such amendment will not validate a prior judgment rendered upon the defective service, which judgment is void for want of jurisdiction.

**7. Pleadings § 23—**

Leave to file answer may be granted in the court below or, in proper cases, in this Court. And such leave is hereby granted, partly because of complications in this case and to avoid repeated reviews.

APPEAL by defendant from *Armstrong, J.,* at 22 November, 1943, Term, of MECKLENBURG.

The plaintiff brought an action against the defendant in the Superior Court of Mecklenburg County for absolute divorce, making the following affidavit:

"ARTHUR HERMENIJILDO RODRIGUEZ, first being duly sworn, deposes and says:

"That in the above entitled action now pending in the Superior Court of Mecklenburg County, the Sheriff of said county and State has re-

turned the summons issued to him in said action endorsed as follows: 'The defendant, Isabel Rodriguez, cannot, after due diligence, be found in Mecklenburg County or in the State of North Carolina'; that the plaintiff, after due diligence, has been unable to locate the defendant and that her whereabouts to this plaintiff herein is not known and that the plaintiff has a just cause of action against the defendant for an absolute divorce on the grounds of two successive years of separation.

"WHEREFORE, the plaintiff prays that an order be made by the Court that service of summons be made on the defendant by publication in some newspaper published in Mecklenburg County, North Carolina.

"This the 8th day of February, 1943.

ARTHUR HERMENIJILDO RODRIGUEZ,
Affiant."

With the affidavit was filed the summons and the complaint. Thereupon the following order of publication was made by the clerk of the Superior Court:

"It appearing from the affidavit of Arthur Hermenijildo Rodriguez in this action that Isabel Rodriguez, the defendant herein, is not to be found in Mecklenburg County, and cannot, after due diligence, be found in the State, and

"It further appearing that a cause of action exists against the defendant for an absolute divorce on the grounds of two successive years of separation, as is now provided by law for such in the Consolidated Statutes of North Carolina; and that this is one of the causes in which service of summons may be made by publication, due to the fact that the defendant, after due diligence, could not be found in the above county and State.

"It is, therefore, ordered that summons be served on said Isabel Rodriguez by publication, and to that end that notice of this action be published once a week for four (4) consecutive weeks, in a weekly newspaper published in Mecklenburg County, setting forth the title of the action, the purpose of the same, and requiring the defendant to appear at the office of the Clerk of the Superior Court for Mecklenburg County in the Courthouse in Charlotte, and answer or demur to the complaint, on the 24th day of March, 1943, or the relief stated and alleged therein will be granted the plaintiff.

"This 8th day of February, 1943.

J. LESTER WOLFE,
Clerk Superior Court."

In accordance therewith, notice was published the statutory length of time in a weekly paper of general circulation, published at Charlotte, N. C.

At the March, 1943, Term of the Superior Court of Mecklenburg County, the cause was brought to a hearing before his Honor, Wilson Warlick, Judge, and a jury; and appropriate issues were submitted to the jury, all of which were answered in favor of the plaintiff. Thereupon, judgment was rendered, to wit, on 5 April, 1943, granting an absolute divorce to the plaintiff from the defendant.

Thereafter, to wit, on 18 September, 1943, the defendant, through her counsel, entered a special appearance and filed a motion to dismiss the action for that (1) the sheriff returned upon the summons issued to him only: "After due and diligent search, Isabel Rodriguez not to be found in Mecklenburg County"; (2) that the plaintiff's affidavit to procure service by publication was defective in that it failed to state that diligent search had been made for the defendant and that after due diligence she was not to be found in the State of North Carolina, substituting therefor that the "plaintiff, after due diligence, has been unable to locate the defendant and that her whereabouts to this plaintiff herein is not known"—neither the return of the sheriff nor the affidavit stating that the defendant could not at the time, after due diligence, be found in the State of North Carolina, as required by statute.

Thereupon, on 26 November, 1943, the plaintiff made a motion to amend the affidavit by inserting therein the following statement: "That the defendant, after due diligence, cannot be located within the State of North Carolina"—supporting the motion with an affidavit that the defendant was at the time a resident of Hillsborough County, Florida, and was at said time within the State of Florida and not within the State of North Carolina. In this affidavit accompanying the motion, plaintiff stated that he was acting in good faith in signing the affidavit to obtain service by publication; that the application for publication had been prepared by his attorney, and that he had been remarried since the granting of the divorce. He further stated that the defendant never had been a resident of North Carolina, and so far as plaintiff knew, had never been in North Carolina prior to the trial of the divorce case, and it would have been absolutely impossible to obtain personal service of summons upon her in the divorce proceeding.

On 7 December, 1943, Frank McCleneghan, Esq., the attorney representing the defendant, asked to be permitted to withdraw as counsel, which was allowed; and Thaddeus A. Adams, Esq., substitute counsel for the defendant, continuing the special appearance, asked for a continuance of the motion originally made by defendant for dismissal of the action.

On 8 December, 1943, the following judgment was rendered by his Honor, Frank M. Armstrong, Judge presiding over the Regular Term, 22 November, 1943, of Mecklenburg Superior Court, purporting to be based on consent of parties, over the protest of defendant, who had withdrawn her consent:

"The above-entitled cause coming on to be heard and being heard before his Honor, Frank M. Armstrong, Judge presiding over the Regular November 22, 1943, Term of the Superior Court for Mecklenburg County, and being heard upon the Special Appearance and Motion therein filed by the defendant for dismissal of this action upon the ground that proper service was not had upon her, and that the action was tried at the March 29th, 1943, Term of the Superior Court for Mecklenburg County wherein the last notice of publication was had on the 4th day of March, 1943, and being heard also upon the motion of the plaintiff to be permitted to amend his affidavit of publication by adding thereto, 'that the defendant, after due diligence, cannot be found within the State of North Carolina,' and it appearing to the Court that the plaintiff is entitled to amend his said affidavit, and that thereupon the motion of the defendant should be denied:

"It is, upon motion of CARSWELL & ERVIN, attorneys for the plaintiff, ORDERED, ADJUDGED AND DECREED that the plaintiff be, and he hereby is permitted to amend his affidavit of publication and the same is, by this Order, so amended so as to add thereto 'that the defendant, after due diligence, cannot be found within the State of North Carolina,' and the motion of the defendant to dismiss this action upon the ground hereinbefore set forth be and the same is hereby denied:

"And it appearing to the Court that there was born of the marriage of the plaintiff and the defendant a son, Arthur Loel Rodriguez, Jr., age 11 years, and that it has been agreed between the parties to this action that his custody shall be divided between the parties to this action during his minority in the following manner:

"The custody of said child shall remain with the father, the plaintiff in this action, until the 15th day of July, 1944, at which time the custody of said child shall be with the mother, the defendant in this action, until the 15th day of July, 1945, when the custody of said child shall be with the father for the next 12 months and thereafter the parties shall alternate in having custody of said child, each one for 12 months at a time; that the plaintiff shall provide transportation for said child to and from the residence of the defendant in order that he and she may be placed in custody of the child, as contemplated by this judgment; that during such time that the child is in the custody of the defendant, the plaintiff shall pay to her the sum of $30.00 each month to be used for the support, maintenance and education of said child; that during the

time that the plaintiff has custody of said child under this judgment, he shall keep the child in the State of North Carolina, and that during such time as the defendant has custody of said child under the terms of this judgment, she shall keep the child in the State of Florida, the provisions of this sentence being subject to the further orders of this Court after due notice to the parties in this action:

"IT IS FURTHER ORDERED that neither of the parties to this action shall bring any proceeding in any Court for the custody of said child, and that the Superior Court of Mecklenburg County shall retain and have sole jurisdiction with respect thereto.

"The defendant hereby accepts service of summons and complaint in this action as of February 11, 1943, and it is hereby ADJUDGED that the divorce decree heretofore entered in this action is valid and binding upon both parties in this action.

"Let the costs of this action, if any, be taxed against the plaintiff, and the plaintiff is further ordered to pay to F. A. McCleneghan, Attorney for the defendant, the sum of $25.00.

"By agreement of the parties hereto, in open Court, it was agreed that the Court might sign this judgment out of term, and as of the 30th day of November, 1943.

"This 30th day of November, 1943.

FRANK M. ARMSTRONG,<br>
Judge Presiding.

Consented to:

    A. M. BUTLER,<br>
    CARSWELL & ERVIN,<br>
        Attorneys for Plaintiff.<br>
    COCHRAN & McCLENEGHAN,<br>
        Attorneys for Defendant.<br>
    ARTHUR HERMENIJILDO RODRIGUEZ,<br>
        Plaintiff.<br>
    MRS. ISABEL RODRIGUEZ,<br>
        Defendant."

Contemporaneously, the following findings of fact were made by Judge Armstrong:

"In the above-entitled action, the agreement was made by counsel for the defendant who entered a special appearance, as shown by the record, and by the defendant herself, that the judgment was drawn and signed by her and her said counsel, could be signed by the Court, on this the 8th day of December, 1943, as of November 30, 1943, and on this the 8th day of December, 1943, Thaddeus A. Adams made a special appearance,

as shown by the record, in the place and stead of said former counsel for the defendant, and urged the Court, for and on behalf of the defendant, not to sign said judgment on the ground that the defendant, through her said counsel, withdraws her consent thereto, and wishes the judgment set aside, in accordance with her original motion.

"Said counsel also objected to the signing of the judgment as a matter of law, because the court is present in the county holding a criminal term of court.

"The Court heard said matters today, when the criminal term was adjourned for the mid-day recess, and overruled the motion and contentions of counsel for the defendant, and signed the judgment by virtue of the agreement, as shown in the judgment.

"This 8th day of December, 1943, in Charlotte, N. C.

FRANK M. ARMSTRONG,
Judge holding the Superior Courts of the
14th Judicial District of North Carolina."

The defendant appealed, assigning error.

*G. T. Carswell and Joe W. Ervin for plaintiff, appellee.*
*Raymond Sheldon and Thaddeus A. Adams for defendant, appellant.*

SEAWELL, J.   It appears from the record that the judgment promulgated by Judge Armstrong as of November 30, 1943, was prepared in the form of an agreement signed by the parties and their counsel, to be presented and signed as a consent judgment. Before such presentation the defendant changed her mind, employed other counsel, and withdrew her consent. She protested at the time the judgment was rendered and signed.

In many respects the judgment by consent is treated as a contract between the parties. *Cason v. Shute,* 211 N. C., 195, 189 S. E., 494; *Keen v. Parker,* 217 N. C., 378, 8 S. E. (2d), 209; *Morris v. Patterson,* 180 N. C., 484, 486, 105 S. E., 25; *Bank v. Commissioners,* 119 N. C., 214, 226, 25 S. E., 966. The power to render such judgment depends upon the subsistence of the consent at the time the agreement receives the sanction of the court, or is rendered and promulgated as a judgment.

Contemporaneously with signing the judgment, Judge Armstrong found facts, amongst which it is stated that the parties agreed that the judgment might be signed as of 30 November, 1943. It was signed at Chambers in Mecklenburg County on 8 December, 1943. It is clear, however, that this agreement was prospective and that at the time it was made no judgment had been rendered, nor was any judgment rendered until the day of signature—after the consent of the defendant had been

withdrawn and after the court had notice of that fact. Without such consent the judgment is void.

It may be added that even had the defendant not withdrawn her consent, it could not be made effectual in curing the defect in service and thereby validating the judgment, if such an amendment could ever be conceived to have that result, since that would be, in practical effect, consenting to a divorce—which is diametrically opposed to public policy.

Since the judgment, in all of its provisions—including plaintiff's motion to amend the affidavit on which service by publication was secured, and defendant's motion to vacate the judgment—is formally and actually made to depend upon such consent, which was withdrawn before its rendition, no hearing has been had, in the legal sense, upon any of the matters dealt with in the judgment.

If no more appeared, no doubt the proper course would be to remand the case for a hearing upon the motions. But the defendant has asked leave to file an answer to the original complaint, upon which the plaintiff seeks divorce. By so doing she has cast aside the cloak of special appearance assumed for the purpose of objecting to the jurisdiction and has, in effect, entered a general appearance. McIntosh, Practice and Procedure, p. 324; *Dailey Motor Co. v. Reaves,* 184 N. C., 260, 114 S. E., 175; *Scott v. Mutual Reserve Fund Life Assn.,* 137 N. C., 515, 50 S. E., 221. Her request for leave to answer, as a matter of course, supersedes her motion to dismiss the action for want of service of summons, and renders academic the plaintiff's motion to amend the procedure in procuring service by publication. But it does not, by relation back, cure any prior fatal defect in the proceedings with reference to notice, or validate the original judgment or decree of divorce entered upon such defective service.

According to the practice, leave to file answer may be granted in the court below or, in proper cases, in this Court. Whether it should be done here may depend upon the facts of record as we find them to be, when examined upon the merits of the motion.

Whether the defendant was, or was not, a resident of the State of North Carolina, or was, or was not, to be found within the State at the time the action was instituted and service of process was attempted is not a matter of present inquiry. The jurisdiction of the court, where substituted service by publication is sought, necessarily depends, in the first instance, upon the factual representations made to it under statutory procedure. The provisions of G. S., sec. 1-98, require that it must appear by affidavit to the satisfaction of the court, or judge thereof, that the person on whom the service of summons is to be made "cannot, after due diligence, be found in the State"—and this specifically applies to actions for divorce. See sec. 5. Since this method of giving notice is

out of the ordinary, a strict compliance with the statute has always been deemed to be necessary. Averment as to due diligence is jurisdictional in its character, and its absence is a fatal defect. *Davis v. Davis,* 179 N. C., 185, 102 S. E., 270; *Sawyer v. Camden Run Drainage District,* 179 N. C., 182, 183, 102 S. E., 273; *Grocery Co. v. Collins Bag Co.,* 142 N. C., 174, 55 S. E., 90; *Denton v. Vassiliades,* 212 N. C., 513, 193 S. E., 737; *Fowler v. Fowler,* 190 N. C., 536, 540, 130 S. E., 315; *Groce v. Groce,* 214 N. C., 398, 399, 199 S. E., 388; *McLeod v. McLeod, post,* 856.

While such an affidavit may be amended, and ordinarily in that respect comes under the provisions of G. S., 1-163, such amendment will not validate a prior judgment rendered upon the defective service, which judgment is necessarily void because of want of jurisdiction. Due process of law is satisfied by notice and hearing—but they must come in that order. The defendant has, in contemplation of law, had no hearing. *Ellis v. Ellis,* 190 N. C., 418, 130 S. E., 7.

It follows that the original decree of divorce entered on 5 April, 1943, by Warlick, J., is void and of no effect; and the proceeding stands in the Superior Court of Mecklenburg County as it originally stood upon the issuance of the summons and filing of the complaint; except that the defendant has now entered a general appearance by asking leave to file answer.

Returning now to the question whether such leave should be granted in this Court, we are of opinion that, partly because of the complications which have arisen in the case, and the necessity of avoiding repeated review, leave to file answer should be granted here.

The defendant, therefore, has leave to file answer to the complaint, which may be done within thirty days after this opinion is handed down to the Superior Court of Mecklenburg County; the cause will then stand for trial in due course, or further proceedings had according to the practice of the court.

Reversed and remanded.