ELBIA CAMP SIMMONS v. G. T. SIMMONS.

(Filed 26 November, 1947.)

1. **Process § 7—**

Averment in the affidavit for service by publication that plaintiff has a "good" cause of action is addressed to the "satisfaction" of the issuing court and is to be determined upon the trial on the merits, and alleged falsity in the averment does not invalidate the order for service by publication or subject the judgment rendered to attack on the grounds of want of jurisdiction.

2. **Same—**

Averment in the affidavit that "defendant . . . after diligent inquiry cannot be found in the State of North Carolina" is in substantial compliance with the statute and supports an order for service by publication. G. S., 1-98.

3. **Judgments § 25—**

This action was instituted to set aside a divorce decree obtained on service by publication. Plaintiff alleged that the averments in the affidavit for service by publication that affiant had a good cause of action and that the facts therein alleged as constituting grounds for divorce had existed to affiant's knowledge, were false. *Held:* The remedy for the defects alleged is by motion in the original cause, and defendant's demurrer to the independent action brought in another county was properly sustained.

4. **Same—**

An independent action, even on the grounds of fraud, may be treated as a motion in the cause if brought in the county where judgment was rendered, but not if brought in another county.

5. **Same—**

Allegations that in defendant's prior action for divorce he testified falsely that the parties had lived separately and apart more than two years prior to the institution of the action, and that he knew of the falsity of such testimony, charge intrinsic fraud, and the remedy to attack the judgment is by motion in the cause and not by independent action.

PLAINTIFF'S appeal from *Pittman, J.,* at May Term, 1947, of STANLY.

This action was brought by the plaintiff to vacate a judgment of absolute divorce rendered against her in a former action by her husband, the present defendant, instituted and heard in Anson County. It comes here upon appeal of the plaintiff from an adverse judgment on defendant's demurrer to the jurisdiction of the court. The judgment is assailed on the ground that it was procured by the plaintiff in that action by his own fraud in the following particulars: (a) That in his affidavit to procure notice by publication he falsely and fraudulently swore that he had a good cause of action for absolute divorce on the ground of two years separation, and that the defendant could not be found in Anson County or

SIMMONS *v.* SIMMONS.

in the State of North Carolina after diligent inquiry, and that her where-abouts was unknown to him; (b) that the plaintiff in his affidavit accompanying and verifying the complaint, falsely represented that the facts therein stated were true and that he had known "the facts . . . alleged for absolute divorce for more than six months prior to the commencement of the action"; and (c) that the then plaintiff testified falsely and fraudulently upon the hearing of the cause before Judge Clement and a jury at November Term, 1945, of Anson Superior Court that he and the defendant therein (the present plaintiff) had lived separate and apart for more than two years prior to the commencement of the action, whereas, he well knew the falsity of such statement, and knew that they had, within the said two-year period, lived together as man and wife.

In addition to these charges of fraud the plaintiff attacks the validity of the order of publication for that it does not state, in the language of the statute, that the defendant "cannot, after due diligence be found in the state," or any equivalent statement. The statement found in the affidavit reads as follows: "That the defendant, after diligent inquiry cannot be found in the State of North Carolina."

The defendant demurred to the jurisdiction of the court to entertain an independent action upon the grounds asserted, which was sustained. From the ensuing order dismissing the case plaintiff appealed.

*Morton & Williams for plaintiff, appellant.*
*R. L. Smith & Son for defendant, appellee.*

SEAWELL, J. To avoid confusing definitions which may or may not be controlling in plaintiff's selection of an available remedy, we must turn to applicable precedents and established rules of practice in our own jurisdictions. Guided by these we are of the opinion that the plaintiff in this action must seek her remedy by motion in the cause in Anson County, where the proceeding was had and the judgment assailed was rendered, rather than by independent suit in Stanly County.

Certainly the affidavit on which the order of service by publication is made is jurisdictional, and the omission therefrom of those averments on which service of notice by publication is substituted for personal service would be fatal to the proceeding, G. S., 1-98; *Rodriguez v. Rodriguez,* 224 N. C., 275, 29 S. E. (2d), 901; *Groce v. Groce,* 214 N. C., 398, 199 S. E., 388. But we have never seen the statement in the affidavit that the applicant has a "good" cause of action, of a certain character, so classed. Addressed as it is to the issuing court and its "satisfaction," its truth or falsity must abide the trial on their merits, and any other holding would result in authority for the defendant, at any time, at his or her pleasure, to demand a retrial in the vestibule of the court rather than

at the bar. Besides, neither G. S., 1-98, nor G. S., 1-99, requires the applicant to swear to the merits of his cause of action—only to say that he has one and the purpose thereof.

The appellant, as we take it, relies more strongly on the objection that the affidavit does not comply with the statute, G. S., 1-98, in respect to the diligence used in the effort to secure personal service; citing *Rodriguez v. Rodriguez, supra,* in support of her position. The language employed in the statute is as follows:

> "Where the person on whom the service of the summons is to be made cannot, after due diligence, be found in the state, and that fact appears by affidavit to the satisfaction of the court . . ."

The language of the affidavit reads:

> "That the defendant . . . after diligent inquiry cannot be found in the State of North Carolina."

While it is always best to use the form suggested in the statute, the language used seems to be identical in meaning, or substantially so, indicating the same degree of diligence. Words and Phrases, Vol. 13, p. 476; *Id.,* p. 484.

In *Rodriguez v. Rodriguez, supra,* the affidavit simply stated "that the plaintiff after due diligence has been unable to locate the defendant and that her whereabouts is not known." Whether his diligence was confined to his own town or neighborhood, or what territory he perused, did not appear. Under the statute it should have been statewide. It is noteworthy that the present plaintiff, simultaneously with this attack, states that she was at the time in the State of California.

However that may be, we are considering only the question of procedure and the limitations which the law and the practice have set upon the choice of remedies—not what may be the ultimate result of a properly directed attack. There can be no question that for an alleged defect of this kind the remedy is by motion in the original cause, since there is no equitable principle involved. *Fowler v. Fowler,* 190 N. C., 536, 130 S. E., 315; *Long v. Rockingham,* 187 N. C., 199, 121 S. E., 461; *Craddock v. Brinkley,* 177 N. C., 125, 127, 98 S. E., 280. An independent action, even on grounds of fraud, may be treated as a motion in the cause if brought in the county where the judgment was rendered (*Fowler v. Fowler, supra; Craddock v. Brinkley, supra,* p. 127), but not if the action is brought in another county.

We turn to the other allegations of fraud.

The fact that the plaintiff's attack is grounded in fraud does not necessarily give her the right to pursue it in an independent action. Such

was the case in *Young v. Young,* 225 N. C., 340, 341, 34 S. E. (2d), 154; and *Woodruff v. Woodruff,* 215 N. C., 685, 3 S. E. (2d), 5, cases parallel with the instant case in factual situation, and involving like jurisdictional features of the proceeding. The fraud charged was found sufficient to vitiate the proceeding and invalidate the judgment, but the cases hold that the remedy must be by motion in the cause. In both these cases, as here, there was an attack on the affidavit accompanying the complaint as fraudulent in particulars distinctly jurisdictional.

The plaintiff cannot avail herself of intrinsic fraud consisting of perjury upon the trial, under the facts of the case. *Horne v. Edwards,* 215 N. C., 622, 3 S. E. (2d), 1. It is true that a judgment void upon its face, may be attacked anywhere, at any time, directly or collaterally; and an independent action may be maintained for fraud which is *extrinsic and collateral;* but the fraud alleged by the plaintiff is not of that character. *Young v. Young, supra; Woodruff v. Woodruff, supra.* The judgment of the court below dismissing the action is

Affirmed.