WILLIAM JONES, HERMAN WILLIAMS, CARRIE MAE VINES v. CARRIE JONES, IDA MAE JONES WHITE, GLADYS JONES WILLIAMS, RUFUS JONES, WARDELL JONES, ROSA LEE JONES, ELEANOR JONES REDDICK, ETHEL JONES, DeSOTA JONES, STANLEY THAD JONES, ULYSSES JONES, S. T. WALLACE AND McKINLEY WALLACE.

(Filed 29 February, 1956.)

**1. Process § 6—**

Where neither the pleadings nor affidavit state the residences of respondents to be served with process by publication, nor that their addresses were unknown, nor that they were minors, when this fact is known to petitioner, service of process based thereon is void. G.S. 1-98.4 (b).

**2. Pleadings § 6—**

Where service is had by publication in a special proceeding, respondents should be given not less than ten days after the seven days from the last publication in which to answer or demur. G.S. 1-100.

**3. Same—**

Service by publication is in derogation of the common law, and the statutory prerequisites must be strictly complied with in order to support a valid order for substitute service.

**4. Judgments § 18—**

Unless a party is brought into court in some way sanctioned by law, or makes a voluntary appearance in person or by attorney, a judgment rendered against him is void for want of jurisdiction. Therefore, where service by publication as to certain respondents is fatally defective, the judgment is void as to such respondents.

**5. Same: Appeal and Error § 22—**

Recitals in the judgment that all interested and necessary parties were before the court are ineffective when the record clearly shows to the contrary, since the record must prevail in such instances.

**6. Appeal and Error § 50: Partition § 4c—**

Where, in partition proceedings, the evidence supports the court's findings of fact upon which it is adjudged that a deed of trust on the land be canceled and claim for betterments against the tenant in possession be denied, the judgment will be affirmed as to all parties properly before the court, but when it appears that some of respondents were not validly served with process, order for sale for partition must be set aside and the cause remanded so that they may be served and given an opportunity to show cause, if any they have, why they should not be bound by the judgment.

**7. Appeal and Error § 1—**

The Supreme Court may correct *ex mero motu* an error appearing on the face of the record and remand the cause when it affirmatively appears from the record that the court did not have jurisdiction of some of the parties.

APPEAL by respondent Carrie Jones from *Paul, J.,* November Term, 1955, of MARTIN.

This is a special proceeding instituted before the Clerk of the Superior Court of Martin County, North Carolina, by the issuing of summons and the filing of a verified petition on 8 September, 1953, for a partition by sale of the land described in the petition. Five of the respondents were personally served with process, to wit: Carrie Jones, Stanley Thad Jones, Rosa Lee Jones, Eleanor Jones Reddick and Rufus Jones. The remaining eight respondents were purportedly served by publication.

It is alleged in the petition that the interest in the land of the petitioners and the respondents is as follows: William Jones, Ulysses Jones, Carrie Mae Vines (subject to the curtesy right of her father, the petitioner Herman Williams), McKinley Wallace (subject to the curtesy right of his father, the respondent S. T. Wallace), a $\frac{1}{5}$ undivided interest each. That the respondents Ida Mae Jones White, Gladys Jones Williams, Rufus Jones, Wardell Jones, Rose Lee Jones, Eleanor Jones Reddick, Ethel Jones, DeSota Jones, and Stanley Thad Jones, each own a $\frac{1}{45}$ interest in the land subject to the dower right of their mother, the respondent Carrie Jones, widow of Ferd Jones.

The court's attention was called to the fact that Stanley Thad Jones and DeSota Jones are minors, without a general or testamentary guardian. The respondent DeSota Jones was in the Armed Services of the United States and personal service could not be obtained on him; Stanley Thad Jones was served with process.

The court appointed Robert H. Cowen as guardian *ad litem* for these minors, who filed an answer in their behalf.

The respondent Carrie Jones, in her answer filed on 19 September, 1953, undertook to plead ownership by adverse possession of the interest of the petitioner William Jones by reason of certain deeds of trust executed by him to B. A. Critcher, trustee, to secure certain indebtedness. Carrie Jones claimed an interest in the note secured by one of the deeds of trust and title to the interest of William Jones under a deed purported to have been executed pursuant to the foreclosure of the other deed of trust by B. A. Critcher, as trustee, to Eli Nicholson, dated 29 April, 1932, and recorded 29 September, 1954, in Book S-5, at page 145, and a deed from Eli Nicholson and wife, Millie Nicholson, to Carrie Jones, purporting to convey to her the interest of William Jones. The latter deed was recorded in Book S-5, at page 130, in the Public Registry of Martin County.

Whereupon, the court, at the April Term, 1955, ordered that B. A. Critcher, trustee, be made a party to the action. Summons was duly

issued and served on him on 2 May, 1955. Respondent Critcher filed no pleadings.

The respondent Carrie Jones, and other respondents who had been served, also undertook to set up in the answer a claim for betterments on behalf of the estate of Ferd Jones.

Rufus Jones, administrator of Ferd Jones, was made a party respondent. The administrator accepted service of summons, but filed no pleadings.

The petitioners filed a reply to the respondents' further answer, in which they undertook to set up a claim for betterments, alleging that the premises were reasonably worth the sum of $400.00 per year, and prayed for an accounting by Carrie Jones and her children, the heirs of Ferd Jones, less the improvements Ferd Jones and family had made on the premises.

The parties entered into the following stipulations before the trial:

"1. Parties in open court announced that they will waive a jury and request the court to hear the evidence, find the facts, enter its conclusions of law and judgment based thereon.

"2. It is stipulated that Mary Coefield Jones died intestate on or about August 20, 1926, seized in fee of the 8-acre tract of land described in the petition; that at the time of her death she left surviving as her sole heirs at law Cora Jones, Addie Jones, Ethel Jones, Ulysses Jones, William Jones and Ferd Jones; that Addie Jones died intestate on or about February ...., 1945, leaving no surviving children or issue of children.

"3. It is stipulated in open court that if petitioners are entitled to a partition that due to the number of interests, the small number of acres, the shape and condition of said lands, that an actual partition cannot be had, without injury to the owners.

"4. It is stipulated that William Jones is now living and is a party petitioner; that Cora Jones died intestate sometime in 1940, leaving as her sole heir at law Carrie Mae Vines, one of the petitioners, and her husband, Herman Williams, who is a party petitioner; that Ethel Jones died intestate in 1942, leaving a husband, S. T. Wallace, and one child, McKinley Wallace, who are parties respondent; that Ulysses Jones is living and is a party respondent; that Ferd Jones died intestate in 1952, leaving a widow, Carrie Jones, and nine children, who are parties respondent."

The following stipulations were entered into during the course of the trial:

"5. It is admitted by petitioners that Ferd Jones paid the taxes on the property in question while he was living.

"6. It is stipulated and agreed that the lands in question during the occupancy of Ferd Jones and his widow and heir at law had an average fair annual rental value of $300.00 per year.

"7. Respondents announce in open court that they do not seek to establish adverse possession as to any of the petitioners other than William Jones.

"8. It is further stipulated that the deed from B. A. Critcher, trustee, to Eli Nicholson, and the deed from Eli Nicholson and wife, Millie Nicholson, to Carrie Jones, widow, were adjudged null and void at the April 1955 Term, Martin County Superior Court, in an action entitled 'William Jones v. Carrie Jones and Eli Nicholson.'"

The trial judge, after reading the pleadings, hearing the evidence and arguments of counsel, found the facts, and those pertinent to this appeal are as follows:

1. "In 1927, Ferd Jones, with the permission and by agreement with William Jones, who was acting on behalf of himself and his other brothers and sisters, moved upon said lands and continued to live thereon until his death in 1952. The occupancy of said lands by Ferd Jones was by permission and agreement that he might cultivate said lands without paying rent to any of his co-tenants, and that he might make such improvements as he desired without charge to his co-tenants.

2. "The value of the improvements placed upon said lands by Ferd Jones, his widow and their children, did not exceed the sum of $3,000.00. The court finds that the fair rental value of said lands during the occupancy thereof by Ferd Jones, exceeded the cost of improvements and taxes made or paid by him."

3. That the note secured by the uncanceled deed of trust executed by William Jones and wife, Mary Jones, to B. A. Critcher, trustee for Eli Nicholson, and recorded in Book C-3, page 510, in the Public Registry of Martin County, has been paid and satisfied and should be canceled of record.

Upon the facts found, stipulations and pleadings filed in the proceeding, the trial judge found as a matter of law that the petitioners and respondents are the owners of the tract of land described in the petition in the proportions or shares set out in the petition, and that all interested and necessary parties are properly before the court. That the petitioners are not entitled to recover for rents and the respondents are not entitled to recover for the improvements set out in the pleadings. That the possession and occupancy of said lands by Ferd Jones, his widow and children, have not been adverse to William Jones, but the same has been with the permission and approval of the said William Jones. That an actual partition of said land cannot be made among the

several tenants in common without injury to some or all of the interested parties.

The court entered judgment directing the sale of the land for partition; directed the cancellation of the deed of trust referred to herein, which is recorded in Book C-3, page 510, in the Public Registry of Martin County; and appointed commissioners to sell the land as directed by the judgment, subject to confirmation by the court. The respondent Carrie Jones appeals, assigning error.

*R. L. Coburn for petitioners.*
*Richard Powell and Taylor & Mitchell for respondents.*

DENNY, J. All the exceptions and assignments of error brought forward in the case on appeal are directed to the findings of fact and conclusions of law with respect to betterments and the order directing the cancellation of the deed of trust executed by William Jones and wife, Mary Jones, to B. A. Critcher, trustee for Eli Nicholson, dated 14 April, 1928, and recorded in Book C-3, page 510, of the Public Registry of Martin County, to secure an original indebtedness of $25.00.

These exceptions and assignments of error are without merit.

The appellant, however, filed a motion in this Court in arrest of judgment on the ground that the purported service by publication on certain of the respondents was not made in accordance with the requirements of Chapter 919, Session Laws of 1953, codified as G.S. 1-98 through 1-104.

It is provided in G.S. 1-98.4 (a), among other things, that "To secure an order for service of process by publication or service of process outside the State, the applicant must file in the office of the clerk of the court where the action is brought a statement in his verified pleading or separate affidavit, sworn to by the applicant, his agent or attorney, stating:

"(1) That he is a party, or the agent or attorney of a party, to the action or special proceeding; and

"(2) The facts with sufficient particularity to show: That the action or special proceeding is one of those specified in G.S. 1-98.2, that a cause of action exists against the person to be served or that he is a proper party, and that the action or special proceeding is of such a kind that the court will have jurisdiction upon service of process by publication or service of process outside the State; and

"(3) That, after due diligence, personal service cannot be had within the State; and

"(b) Where such service is to be had upon a natural person, the verified pleading or affidavit must state:

"(1) The name and residence of such person, or if they are unknown, that diligent search and inquiry have been made to discover such name and residence, and that they are set forth as particularly as is known to the applicant;

"(2) That such person is a minor or an incompetent, if such fact is known to the applicant."

Neither the requirements of (b) (1) nor (b) (2) were complied with either in the pleadings or the affidavit for service of process by publication. Moreover, it is provided in G.S. 1-99.2 (c) that, "The Clerk shall mail a copy of the notice of service of process by publication to each party whose name and residence or place of business appear in the verified pleading or affidavit pursuant to the provisions of G.S. 1-98.4. Such copies shall be sent via ordinary mail, addressed to each party at the address of such party's residence or place of business as set forth in the verified complaint or affidavit, and shall be posted in the mails not later than five (5) days after the issuance of the order for service of process by publication. By certificate at the bottom of the order for service of process by publication or by separate certificate filed with the order, the clerk shall certify that a copy of the notice of service of process by publication has been duly mailed to each party whose name and residence or place of business appear in the verified pleading or affidavit, giving the date of posting thereof in the mails, and the clerk shall make an appropriate record thereof in accordance with the provisions of G.S. 2-42. Failure on the part of any party to receive a copy of the notice mailed in accordance with the provisions hereof shall not affect the validity of the service of process upon such party by publication, and no such copy of the notice need be mailed to any party as to whom the verified pleading or affidavit states that such party's residence or place of business is unknown and that diligent search and inquiry have been made to discover same."

While the provisions of G.S. 1-99.2 (c) may have been complied with, the record is silent with respect thereto. In any event, the residences of the respondents purported to have been served with process by publication were not given in the pleadings or the affidavit as required by G.S. 1-98.4 (b) (1). Furthermore, it is pointed out in the motion in arrest of judgment that the notice of publication gave the respondents only ten days from 10 October, 1953, to appear in the office of the Clerk of the Superior Court of Martin County and answer or demur to the petition filed in the proceeding, or the petitioners would apply for the relief demanded in the petition. Whereas, G.S. 1-100, as amended by Chapter 919, Session Laws of 1953, expressly provides that after service by publication is completed, the parties (respondents here), "shall then have such time thereafter to make defense as is provided

in G.S. 1-125," that is, not less than ten nor more than twenty days to demur or answer in a special proceeding. But the notice of publication fixed the time from which the ten-day period would begin to run, only four days from the date of the last publication of the notice, which was on 6 October, 1953. Whereas, the statute G.S. 1-100 also provides that, "In the cases in which service by publication is allowed, the summons is deemed served at the expiration of seven (7) days from the date of the last publication . . ."

In the case of *Comrs. of Roxboro v. Bumpass*, 233 N.C. 190, 63 S.E. 2d 144, *Barnhill, J.*, now *Chief Justice*, said: "The service of process by publication is in derogation of the common law and the statute making provision therefor must be strictly construed. The court must see that every prerequisite prescribed exists in the particular case before it grants the order of publication," citing authorities.

A prerequisite prescribed by statute to support an order of service by publication is jurisdictional. The omission from the pleadings or affidavit of any of the required information or averments, on which the order for substitute service is predicated, is fatal. *Groce v. Groce*, 214 N.C. 398, 199 S.E. 388; *Rodriguez v. Rodriguez*, 224 N.C. 275, 29 S.E. 2d 901; *Simmons v. Simmons*, 228 N.C. 233, 45 S.E. 2d 124; *Comrs. of Roxboro v. Bumpass, supra.*

In *Groce v. Groce, supra, Stacy, C. J.*, said: "It is the universal holding that unless one named as a defendant has been brought into court in some way sanctioned by law, or makes a voluntary appearance in person or by attorney, a judgment rendered against him is void for want of jurisdiction. *Stevens v. Cecil, ante,* 217; *Downing v. White*, 211 N.C. 40, 188 S.E. 815; *Harrell v. Welstead*, 206 N.C. 817, 175 S.E. 283."

In our opinion, the purported service of process by publication in this proceeding is fatally defective, and we so hold. It follows, therefore, that the judgment entered below is null and void as to the respondents who have not been legally served, to wit: Ida Mae Jones White, Ethel Jones, Wardell Jones, Gladys Jones Williams, Ulysses Jones, DeSota Jones, S. T. Wallace and McKinley Wallace.

It is true the trial judge who heard this matter below found that all interested and necessary parties were before the court, but the record clearly shows otherwise and the record must prevail in such instances. *Williams v. Trammell*, 230 N.C. 575, 55 S.E. 2d 81; *Powell v. Turpin*, 224 N.C. 67, 29 S.E. 2d 26.

In view of the fact that the only matters in controversy in the hearing below involved the question of betterments and the cancellation of the deed of trust referred to hereinabove, we think the findings of fact and conclusions of law with respect thereto should be upheld. There is no

competent evidence on the record to support the view that Carrie Jones has ever had any interest in the property involved herein, other than a dower interest in the $\frac{1}{6}$ undivided interest of which her husband, Ferd Jones, died seized. Moreover, there is no competent evidence to support a claim for betterments on behalf of the personal representative of Ferd Jones, his widow, or his children. Hence, the judgment will be affirmed in all respects except as to the order of sale. The petitioners are entitled, as a matter of right, to partition. *Moore v. Baker*, 222 N.C. 736, 24 S.E. 2d 749. However, they are not entitled, as a matter of right, to a sale for partition until all interested and necessary parties are served with process and given an opportunity to be heard if they so desire. *Patillo v. Lytle*, 158 N.C. 92, 73 S.E. 200. And where error appears upon the face of the record, this Court may correct it *ex mero motu*. *Duke v. Campbell*, 233 N.C. 262, 63 S.E. 2d 555; *Gibson v. Insurance Co.*, 232 N.C. 712, 62 S.E. 2d 320.

Therefore, so much of the judgment entered below as authorizes the sale of the premises at this time will be set aside. But in all other respects the judgment is affirmed as to the petitioners and respondents who have been duly and legally served with process.

This cause will be remanded to the end that the respondents named hereinabove who have not been served with process by publication or otherwise, may be served and given an opportunity to show cause, if any they have, why they should not be bound by the judgment entered below and the property sold for partition as provided by law. *Hine v. Blumenthal*, 239 N.C. 537, 80 S.E. 2d 266.

Error and remanded.