
Oscar GLENN, Jr., Appellant,

v.

I. F. NELIS, Appellee.

No. 14746.

Court of Civil Appeals of Texas.

Houston.

Feb. 24, 1966.

Cattanach, Capps, Turner, Coe, Reardon, Chaney & Thorne, Glenn M. Chaney, Houston, for appellant.

Franklin, Kelly, Graham & Laughter, R. C. Stiles, Houston, for appellee.

WERLEIN, Justice.

This is an appeal from a summary judgment entered August 13, 1965, in favor of appellee, I. F. Nelis, decreeing that he recover from appellant, Oscar Glenn, Jr., the sum of $4,000.00.

The suit was brought by appellant against Nelis, Motor Truck Sales, and Continental Bank and Trust Company of Houston to cancel and set aside all contracts, notes and chattel mortgages executed by appellant in connection with the purchase by him of certain described equipment, on the ground of want of consideration and misrepresentations made by the sellers as to the quality and condition of such equipment. Appellee filed a cross-action against appellant on the note he had executed, originally in the sum of $11,286.00 but reduced by credits to $8,150.79. While the suit was pending, appellant and appellee entered into a written contract which was filed with the papers in the case on September 16, 1963, and which reads as follows:

SETTLEMENT AGREEMENT

WHEREAS, OSCAR GLENN, JR. Plaintiff and Cross-Defendant and I. F. NELIS, one of the Defendants and Cross-Plaintiff in the above numbered and entitled cause, have this date compromised and settled all issues in controversy in said action upon the following terms and conditions:

I.

THE Defendants, CONTINENTAL BANK AND TRUST COMPANY and JESSIE W. WILLIFORD, D/B/A MOTOR TRUCK SALES, shall be immediately dismissed from the pending law suit.

II.

OSCAR GLENN, JR. shall pay to I. F. NELIS the sum of Thirty-five Hundred ($3,500.00) Dollars in full compromise settelement of amount owing on the note dated October 15, 1961 payable to CONTINENTAL BANK AND TRUST COMPANY, now owned and held by I. F. NELIS. Such payments shall be made as follows: One Thousand ($1,000.00) Dollars on January 15, 1964; One Thousand ($1,000.00) Dollars on July 15, 1964; One Thousand ($1,000.00) Dollars on January 15, 1965 and Five Hundred ($500.00) Dollars on July 15, 1965.

III.

The above numbered and entitled cause shall remain pending on the docket of the Court and in the event any of the payments to I. F. NELIS, provided for in Paragraph II above, are not paid when due, it is hereby agreed that I. F. NELIS shall have judgment against OSCAR GLENN, JR. in the pending suit on his Cross-Action in the amount of Five Thousand ($5,000.00) Dollars and cost of Court less any payments which have been made on this settlement as above provided by OSCAR GLENN, JR., before such default.

When the sum of Three Thousand Five Hundred ($3,500.00) Dollars has been paid by OSCAR GLENN, JR., to I. F. NELIS, as hereinabove provided, the judgment shall be entered in the above numbered and entitled cause that all parties take nothing and all costs therein shall be adjudged against I. F. NELIS.

EXECUTED IN DUPLICATE ORIGINALS, this, the 6th day of September, 1963.

/s/ Oscar Glenn, Jr.
OSCAR GLENN, JR.
/s/ I. F. Nelis
I. F. NELIS

On September 13, 1963, the defendants, Continental Bank and Trust Company and Motor Truck Sales, were dismissed from the suit with prejudice. Thereafter, on July 13, 1965, appellee, Nelis, without any further pleading by either party, filed his sworn motion for summary judgment, attaching thereto a copy of said settlement agreement. In such motion he stated that the first installment of $1,000.00 provided for in the agreement had been paid, but that appellant had defaulted in the other payments so that under the terms of such agreement he was entitled to a judgment against appellant in the sum of $4,000.00.

Appellant filed a sworn reply to such motion, in which he stated in substance that prior to July 15, 1964, the due date of the second payment, appellant and appellee had entered into an oral agreement that appellant would not be held in default in his payments if he would tender to appellee the full remaining amount in the sum of $2,500.00 on or before July 15, 1965, the due date of the last payment as provided in paragraph II of said agreement; that on June 1, 1965 he authorized appellee to draw on him for $2,500.00, but that appellee demanded $3,000.00, which appellant refused to pay because such amount was $500.00 in excess of the agreed amount; that appellant complied with the written agreement as modified by the oral agreement by tendering $2,500.00 to appellee prior to July 15, 1965, and that appellee by refusing to accept the same had defaulted. Appellant then prayed that appellee's motion be denied because a material fact issue was raised, and further prayed that the case remain on the docket of the court for a trial on the merits.

The trial court, in entering the summary judgment for $4,000.00, recited that:

" * * * and the Court having heard the pleadings, evidence and argument of counsel, and being fully advised herein finds that the cause of action herein is liquidated and that the Cross-Plaintiff has been damaged by the Cross-Defendant in the sum of Four Thousand & No/100 ($4,000.00) Dollars and that there is no

genuine issue as to any material fact and the Cross-Plaintiff is entitled to a judgment as a matter of law." Appellant duly excepted to the judgment of the court and gave notice of appeal.

Neither appellee nor appellant filed an amended pleading setting out or even referring to the settlement agreement that was entered into. There is nothing concerning the same in appellee's answer or cross-action or in appellant's petition. The only averments with respect to such agreement are contained in appellee's motion for summary judgment and appellant's reply thereto. In Gaines v. Hamman, 1962, 163 Tex. 618, 358 S.W.2d 557, the Court said:

"The record of a summary judgment proceedings then consists of the pleading whose office it is to outline the claims and defenses of the respective parties, the depositions and admissions on file and affidavits submitted either in support of or opposing the motion. With the exception of the pleadings it is not essential that any or all of the other possible components of the summary judgment record be present."

In the instant case, the record of the summary judgment proceedings does not contain any pleading upon which the summary judgment granted could properly be entered. The Supreme Court's statement that "With the exception of the pleadings it is not essential that any or all of the other possible components of the summary judgment record be present" indicates that our Supreme Court is of the view that there must be a pleading outlining the claims and defenses of the respective parties. In the instant case, there is no such pleading by either appellant or appellee. The summary judgment was entered on the agreement aforesaid and not upon the pleadings in the case which allege a wholly different cause of action and defense.

It is clear that the judgment entered by the court was based entirely on the agreement of the parties executed on September 9, 1963 and which was attached to the motion for summary judgment, since there is nothing else in the record upon which such judgment could be based. The allegations in the motion for summary judgment are limited to the agreement and refer to nothing else. The judgment, therefore, was granted upon the stipulation of the parties, which was entered into some two years prior to entry of the judgment. Such judgment, therefore, is one generally known as a judgment by consent or stipulation. 33 Tex.Jur.2d 618, Judgments, Secs. 100–103.

In Burnaman v. Heaton, 1951, 150 Tex. 333, 240 S.W.2d 288, our Supreme Court, in speaking of consent judgments, said:

"A valid consent judgment cannot be rendered by a court when consent of one of the parties thereto is wanting. It is not sufficient to support the judgment that a party's consent thereto may at one time have been given; consent must exist at the very moment the court undertakes to make the agreement the judgment of the court. This fundamental principle was correctly announced and followed by the Supreme Court of North Carolina in the case of Rodriguez v. Rodriguez, 224 N.C. 275, 29 S.E.2d 901, 905. In that case it appeared that the defendant had consented to a particular judgment in a divorce proceeding and that both she and her attorney had signed and approved the proposed judgment, complete in all detail. On the day before the judge signed the same the attorney for defendant withdrew from the case and a new attorney of her selection withdrew consent. On appeal from the judgment, the court said:

" 'In many respects the judgment by consent is treated as a contract between the parties. (Cases cited.) The power to render such judgment depends upon the subsistence of the consent at the time the agreement receives the sanction of the court, or is rendered and promulgated as a judgment.' "

Appellant's reply to appellee's motion for summary judgment clearly shows that appellant was not consenting to entry of a judgment on the written agreement. He prayed that the motion for summary judgment be denied and that the suit remain on the docket of the court for trial on the merits. He further showed he was not consenting to the judgment by excepting thereto. It is thus apparent on the face of the record that appellant did not consent to the court's judgment at the time the court entered its judgment based entirely upon the alleged agreement. Owen v. Finigan, Tex.Civ.App., 381 S.W.2d 578, writ ref., n. r. e.

In Rodriguez v. Rodriguez, referred to with approval by our Supreme Court in Burnaman v. Heaton, supra, the Court said:

" 'It is clear however, that this agreement was prospective and that at the time it was made no judgment had been rendered, nor was any judgment rendered until the day of signature—after the consent of the defendant had been withdrawn and after the court had notice of that fact. Without such consent the judgment is void.' "

In Burnaman v. Heaton, supra, the Court also said:

"When a trial court has knowledge that one of the parties to a suit does not consent to a judgment, agreed to by his attorney, the trial court should refuse to give the agreement the sanction of the court so as to make it the judgment of the court. Any judgment rendered on the agreement under such circumstances will be set aside. McMillan v. McMillan, Tex.Civ.App., 72 S.W. 2d 611, no writ history; Preston v. Hill, 50 Cal. 43."

It is our opinion that it was error for the trial court to enter the summary judgment in question, and that the case should be remanded. It is not necessary, therefore, to discuss appellant's other points of error which relate to his contentions that an oral agreement was entered into chang-ing the terms of payment stipulated in the written agreement; that appellee through misrepresentations and fraud induced appellant to default on the written agreement and is therefore estopped from asserting such default; and that the additional $1,-500.00 provided for in the written agreement in the event of appellant's default in making payment of the installments as stipulated in the written agreement is disproportionate to the amount of damages actually suffered by appellee, and is, therefore, a penalty. Neither party has any pleading with respect to such contentions. The record shows appellant is still suing on his original cause of action and appellee on his original cross-action rather than the written agreement which was entered into between the parties. It is probable that both parties will desire to file amended or supplemental pleadings.

Reversed and remanded.