## McMILLAN v. McMILLAN.
### No. 11699.

Court of Civil Appeals of Texas. Dallas.
May 5, 1934.

Rehearing Denied June 9, 1934.

See, also, 67 S.W.(2d) 342.

Juergens & Jones and George C. Cochran, all of Dallas, for appellant.

J. L. Turner, of Dallas, for appellee.

BOND, Justice.

Appellée, as plaintiff, instituted this suit against appellant, as defendant, asserting an existing legal marriage, cruel treatment as a basis for a divorce, title to and possession of certain described real estate and personal property, as his separate estate, an interest in the community property, and to partition the estate.

The defendant pleaded general and special exceptions, general denial, and in cross-action, alleged the incompatibility of their marriage relationship, causal acts for a divorce in her favor, title to and possession of property described in plaintiff's petition, a homestead right in the real estate, and household furniture, and attorney fee, for the protection of her legal rights.

The averments of the parties for divorce, and their respective asserted claims to the property are immaterial to this appeal; suffice to say that the issues raised by the pleadings are in sharp conflict.

The record comes to this court without a statement of facts, and the proceedings in the court below forming the basis of appellant's assignments are gleaned from the findings of the trial court, appellant's application for a new trial, and the court's action thereon.

Plaintiff and defendant were each represented by attorneys and, they agreed as to August 16, 1933, for the hearing of the suit, and, in pursuance thereto, the case was called, defendant failing to appear in person, her attorney announced ready. At this juncture in the trial, a settlement of the property rights involved was suggested; defendant's attorney asked time to advise his client, in reference to the proposal; and thereafter announced in open court that defendant "was unwilling to accept the compromise settlement"; whereupon, the court impaneled the jury, proceeded with the trial and, at the conclusion of plaintiff's testimony, the attorney for defendant stated that, in his opinion, plaintiff was entitled to all of the relief asked, that he did not wish to contest the matter any further, and offered no resistance to an instructed verdict in favor of plaintiff, stating that he and the plaintiff's attorney

would agree on the distribution and division of the properties in question.

In line with such announced agreement, the court instructed the jury to return its verdict in favor of the plaintiff, and rendered judgment in his favor, divesting defendant of title to and all interest in the real estate, and separate property involved, partitioning the alleged community property, and directing plaintiff to pay $150 into the registry of the court, for defendant, or her attorney of record. The judgment recites that it was rendered as per the agreement of the attorneys.

█ The relationship of an attorney to his client is one of agency, and, as such, is clothed with authority to adopt the procedure and method of transacting his client's suit and to act for him in the prosecution or defense of his legal rights. He has no power to compromise his client's suit, in the absence of authority to do so. The attorney in this case manifestly had no such authority to bind defendant to the agreed judgment. When a compromise was suggested, he announced in open court that he desired time to advise with his client in reference thereto, and that the defendant expressed an unwillingness to accept, indicates affirmatively the lack of authority in the attorney, thus rendering the judgment by agreement without support in the record for its entry.

The judgment was rendered on October 17, 1933, and on October 19, 1933, by agreement of defendant's attorney, a writ of possession was issued and placed in the hands of the sheriff of Dallas county, directing him to dispossess defendant of the real estate and personal property involved, and to deliver same to plaintiff; and to effectuate the service of the writ, the trial court directed the county health officer to ascertain defendant's physical condition, report her condition and his recommendations as to the advisability of removing her off the premises.

The health officer made this examination and certified his findings to the court as follows: "This is to certify that I have this day examined Susie McMillan, a colored woman, at 2821 Thomas Avenue, Dallas, Texas, and these are my findings and recommendations: She has no fever; her pulse is regular, about 90 per minute; heart is within normal limits, and no murmurs; the abdomen is relaxed, but very tender over both lower quadrants with some swelling over the region of the right kidney, which seems to be linked up with the abdominal pathology. The patient is moderately emaciated, and she tells

me that she has been in bed for about four months. In my opinion, this is a chronic illness. The diagnosis is 'Chronic Bilateral Salpingitis.' There seems to be an old abscess in the right side. She cannot get well without an operation which necessitates a move. I believe she could be moved with safety, and that she could be prepared for operation much earlier in the hospital."

Penned to the report was the court's instructions anent thereto, as follows: "Mr. Sheriff: You may move this woman at your convenience. An ambulance will be furnished you by James McMillan."

The defendant was then dispossessed of the property in suit, removed to a hospital, suffered an operation for her malady, and plaintiff, thereafter, in her absence, was accorded the full benefit of the judgment rendered in his favor.

The related procedure, unusual as it may seem and without precedent so far as we have been able to find, may have been warranted by existing facts and circumstances not disclosed in the record, and the court may have been justified in adopting the extraordinary judicial precaution, in aid of its judgment, and the agreement of the attorneys. The court was thus advised of defendant's illness and inability to attend the trial. This procedure has heretofore been called in question and presented to this court for decision and, in an opinion by Justice Looney, we held the writ was prematurely issued, and directed the return of the property. McMillan v. McMillan (Tex. Civ. App.) 67 S.W. (2d) 342. The relevancy of the proceedings are pertinent on this appeal only as they bear on defendant's application for a new trial, which she presented in due time and which she bases her right thereto on the unauthorized agreements of the attorney and her illness and nonattendance in court, thus depriving her of her day in court, and a fair determination of her legal rights. The application was supported by affidavit and had attached thereto the foregoing certificate of the county health officer and the court's action thereon.

█ An application for a new trial and to set aside a judgment on equitable grounds, is addressed to the sound discretion of the court, and should in all cases be granted when the substantial rights of the parties have been so violated as to make it reasonably clear that a fair trial was not had. Its function is to point out errors and irregularities in the trial of the case, and such equities as to make it reasonably certain that the

applicant has been deprived of a substantial right. While the negligence of one's attorney usually affords no relief, yet when such negligence is so connected with an unauthorized act of an attorney, in agreeing to a judgment and premature issuance of a writ of possession in which the adverse party is shown to have been implicated, we feel that such warranted the conclusion that the aggrieved party was not accorded a fair hearing. The power to grant the application, when justice requires it, is inherent in all courts of common-law jurisdiction.

We conclude that defendant's application should have been sustained, the agreed judgment set aside, and a new trial granted. Judgment of the lower court is reversed and remanded.

Reversed and remanded.