**LANDSCAPE DESIGN & CONSTRUC-TION, INC. and Maintain, Inc., Appellants,**

v.

**Thomas E. WARREN III, Appellee.**

**No. 8743.**

Court of Civil Appeals of Texas, Texarkana.

April 8, 1980.

Rehearing Denied May 6, 1980.

John A. George, Dallas, for appellants.

Victor C. McCrea, Jr., Victor C. McCrea, Jr. & Co., Dallas, for appellee.

RAY, Justice.

This is a summary judgment case. Appellee (plaintiff), Thomas E. Warren, III (Warren), brought suit against appellants (defendants), Landscape Design & Construction, Inc. (Landscape) and Maintain, Inc. (Maintain), seeking to collect the balance due on a $7,000.00 promissory note made by Maintain, payable to Landscape and subsequently endorsed by Landscape and assigned to Warren. The trial court granted Warren's motion for summary judgment. Both Maintain and Landscape have perfected their appeals and submit a single point of error.

The judgment of the trial court will be affirmed.

Both appellants contend that the trial court erred in granting the summary judgment because there was a failure of consideration. Maintain and Landscape state that the failure of consideration occurred when Warren breached a non-competition provision contained in a sales agreement between Warren and Landscape. We have concluded that both appellants are jointly and severally liable to Warren.

The promissory note appears regular upon its face and the signature of the maker, Maintain, has not been denied. There is no claim of a failure of consideration between the maker of the note, Maintain, and the payee, Landscape. Tex.Bus. & Comm. Code Ann. § 3.307(b) governs the rights between the maker, Maintain, and the holder, Warren. § 3.307(b) provides that when signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense. § 1.201(20), Tex.Bus. & Comm.Code Ann., defines a "holder" as a person who is in possession of an instrument endorsed to him. It is undisputed that Warren is the holder of the note and that Landscape had endorsed the note to him by an unqualified endorsement. The note provided that the makers and endorsers waived "presentment for payment, notice of non-payment, protest, and notice of protest, demand for payment, presentment for acceleration of maturity, and diligence in bringing suit against any party" to the note.

Maintain's defense of failure of consideration was directed solely to the alleged breach of the non-competition provision contained in the contract between Landscape and Warren. Maintain was not a party to that contract and its obligations as the maker of the note are in no way related to the non-competition provision. Warren was entitled to recover as a matter of law from Maintain pursuant to § 3.307(b), su-

pra. The defense of failure of consideration concerning a contract foreign to Maintain and to which it was not a party, simply did not present a meritorious defense.

Landscape is similarly liable to Warren pursuant to § 3.414, Tex.Bus. & Comm.Code Ann., which provides the following:

"Unless the indorsement otherwise specifies (as by such words as 'without recourse') every indorser engages that upon dishonor and any necessary notice of dishonor and protest he will pay the instrument according to its tenor at the time of his indorsement to the holder or to any subsequent indorser who takes it up, even though the indorser who takes it up was not obligated to do so."

■ The present note did not limit the liability of the endorser. The customary manner of disclaiming the endorser's liability under § 3.414, supra, is to endorse "without recourse." Apart from such a disclaimer all endorsers incur this liability, without regard to whether or not the endorser transferred the instrument for value or received consideration for his endorsement. Therefore, Landscape's liability was fixed and it became obligated to pay the note whether it received consideration or not from Warren. There need be no consideration moving to the endorser in order to hold him liable on his endorsement. *Culberson v. Hawkins*, 321 S.W.2d 140 (Tex.Civ.App. Houston 1959, no writ).

■ By cross-point, Warren has encouraged this Court to assess a penalty, not to exceed ten percent (10%) of the original judgment, as additional damages pursuant to Rules 435 and 438, Tex.R.Civ.P. Warren argues that this is a frivolous appeal taken solely for the purpose of delay. However, while we agree with appellee that the strength of the appeal is questionable so far as its legal merit is concerned, we do not have sufficient evidence to convince us that the appeal was taken only for the purposes of delay or that it amounts to a frivolous appeal.

The judgment of the trial court is affirmed.