**FARMER FOUNDATION CO.,**
Appellant,

v.

**J.W. LEACH, et al., Appellees.**

No. 01–82–0819–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 15, 1984.
Rehearing Denied Sept. 13, 1984.

Mary Wimbish, Hollrah, Lange & Thoma, Charles L. Laswell, Laswell & Harvey, Houston, for appellant.

Thea M. Fabio, Groom, Miglicco, Gibson, Bussell & Stewart, David A. Gibson, Groom, Miglicco, Gibson, Bussell & Stewart, Charles Casteel, Houston, for appellees.

Before EVANS, C.J., and DUGGAN and BASS, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a judgment entered in favor of the plaintiffs in a suit on employment contracts. Gordon Jackel, James Jackel, and J.W. Leach, who specialize in setting foundations for bridges and other large structures, sued appellant, Farmer Foundation Co., to recover job completion bonuses allegedly due under written and oral employment contracts. On the basis of the jury's verdict, the trial court entered judgment in their favor.

Each of the appellees entered into three separate employment contracts with Farmer regarding projects in Brazil. The first set of contracts were written. Under their terms the appellees agreed to provide labor on the construction of the Aratu naval base and, in exchange, were to be paid monthly salaries and completion bonuses. Each employee's contract is identical, except for the amount of salary and bonuses to be paid, and the contract required that each employee remain on the job until completion in order to receive a completion bonus. The appellees completed the first project, but they were not paid their completion bonuses.

Farmer approached appellees about working on another project at the naval base. They accepted the offer and returned to Brazil. When this job was completed, the appellees agreed to work on a third and unrelated construction project in Brazil. Appellees did not receive a completion bonus on either the second or third projects. The parties agree that the second and third jobs were based on oral contracts and that the appellees were to be paid in the same manner on all three jobs: a monthly salary and a completion bonus calculated on the basis of the number of months worked. The disputed issue at trial was whether payment of the job completion bonuses was conditioned on Farmer first being paid as the general contractor for the various projects.

The case was submitted to the jury on one special issue drafted jointly by all parties:

Do you find from a preponderance of the evidence that the Plaintiffs, Gordon Jackel, J.W. Leach and James Jackel were to

receive a job completion bonus only if Farmer Foundation Company was completely paid for work performed?

While the jury was deliberating, the attorneys agreed that judgment would be entered for the employees if the jury answered, "We do not," and for Farmer if they answered, "We do." The attorneys stipulated that the employees' damages totaled $95,000. The jury answered the special issue in favor of the employees, and judgment was entered in the amount agreed upon by the attorneys for both sides.

In the first of three points of error, Farmer alleges the trial court abused its discretion in refusing to grant its motion for new trial. Farmer asserts that its attorney's negligence and unauthorized stipulations deprived it of a fair hearing of the case and that this misconduct necessitates a new trial. Farmer alleges that its trial attorney lacked minimal skills as an advocate, that much significant evidence was lost by his inability to lay the predicate necessary for its admission, and that its trial attorney entered into unauthorized stipulations regarding damages and attorney's fees. It argues that the combination of these facts deprived it of its day in court and contends that the trial court erred in failing to grant it a new trial on this ground.

Farmer cites two cases as authority for its argument, *Cleere v. Blaylock*, 605 S.W.2d 294 (Tex.Civ.App.—Dallas 1980, no writ) and *McMillan v. McMillan*, 72 S.W.2d 611 (Tex.Civ.App.—Dallas 1934, no writ). Of these, only *McMillan* addresses circumstances under which a trial attorney's negligent or unauthorized acts might entitle a civil litigant to a new trial. In *McMillan*, the court of civil appeals found an abuse of discretion in the trial court's failure to grant a new trial because of the trial attorney's negligence when, in his client's absence, the attorney agreed to a judgment and the premature issuance of a writ of attachment against his client. This action occurred shortly after the client refused to settle the dispute. The trial court was aware of this refusal to settle, as well as

the fact that the client was too ill to be present at trial. Based on these unusual facts, the court found an abuse of discretion in the refusal to grant a new trial.

The instant case is distinguishable from *McMillan*. In the case at bar, Farmer's attorney did not consent to the judgment against his client in the face of a refusal to settle. Neither did the trial court deny a motion for new trial with knowledge that trial counsel had acted contrary to his client's wishes.

 The trial court was clearly in the best position to view the presentation of the case by Farmer's trial counsel and to determine whether appellant was denied his day in court. Farmer acknowledges that the standard for appellate review of a denial of a new trial is abuse of discretion. The theory advanced as a basis for new trial, *i.e.*, trial counsel's negligence and unauthorized acts, is rooted in fact questions and has little legal precedent. Given these considerations, we hold that the denial of appellant's motion was not an abuse of discretion. Accordingly, the record does not reflect reversible error in the trial court's refusal to grant appellant's motion. *Howard Gault & Son v. Metcalf*, 529 S.W.2d 317 (Tex.Civ.App.—Amarillo 1975, no writ). If Farmer was misrepresented at trial, we believe its remedy lies in a malpractice action against its former attorney. *See generally Cook v. Irion*, 409 S.W.2d 475 (Tex.Civ.App.—San Antonio 1966, no writ). Farmer's first point of error is overruled.

Farmer's second point asserts error in the court's entering judgment upon the jury's answer to the single special issue. It contends that the special issue agreed to by both parties failed to address the dispute between the parties as it was developed by the evidence at trial, that there was therefore no evidence to support the issue's submission and that the jury's answer provided no basis on which judgment could be entered.

 The parties to a law suit have the responsibility to tender appropriate special

issues to the court for submission to the jury for fact determinations in the case. However erroneous or incomplete those special issues may be, the jury's answers to the questions presented form the basis of the court's judgment. *Mowery v. Fantastic Homes, Inc.*, 568 S.W.2d 171 (Tex.Civ.App.—Dallas 1978, no writ). Failure to object that the special issues do not properly set out a party's theories or defenses waives any complaint on appeal. *State Reserve Life v. Ives*, 535 S.W.2d 400 (Tex.Civ.App.—Fort Worth 1976, no writ); *Parkview General Hospital, Inc. v. Eppes*, 447 S.W.2d 487 (Tex.Civ.App.—Corpus Christi 1969, writ ref'd n.r.e.); *Hankamer v. Sumrall*, 257 S.W.2d 827 (Tex.Civ.App.—Beaumont 1953, writ ref'd n.r.e.). Farmer failed to object to the special issue submitted and thereby waived any error. We overrule its second point of error.

■ Farmer's third point alleges that the special issue commented on the evidence by assuming that appellees had not breached their employment contracts. To have breach of contract considered as an aspect of the case, Farmer was required to tender special issues on that theory. *Trinity Road & Bridge Co. v. Watson*, 341 S.W.2d 956 (Tex.Civ.App.—Fort Worth 1960, writ ref'd n.r.e.). Farmer's failure to tender such issues waived its opportunity to have appellee's alleged breach of contract considered. To the extent that the special issue commented on the absence of breach of contract, it commented on a non-issue and was not error. *Vahlsing Christina Corp. v. Ryman Well Service, Inc.*, 512 S.W.2d 803 (Tex.Civ.App.—Corpus Christi 1974, no writ). We overrule the third point of error.

■ Appellees bring one cross-point asserting that this appeal is frivolous and taken for purposes of delay only. Appellees request damages pursuant to Tex.R. Civ.P. 435, 438. The right to appellate review will not be penalized absent a clear showing that appellant had no reasonable ground to believe the judgment would be reversed. *Beago v. Ceres*, 619 S.W.2d 293 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). We do not find sufficient evidence to convince us that the appeal was frivolous or was taken solely for the purpose of delay. We conclude that the assessment of damages is not appropriate. *Landscape & Construction, Inc. v. Warren*, 598 S.W.2d 38 (Tex.Civ.App.—Texarkana 1980, writ ref'd n.r.e.). Appellee's cross-point is overruled.

The judgment of the trial court is affirmed.