Bobby MALONE and Pat Calloway, Appellants,

v.

CARL KISABETH CO., INC., Appellee.

No. 2–85–118–CV.

Court of Appeals of Texas, Forth Worth.

Jan. 28, 1987.

Rehearing Denied April 1, 1987.

McDonald, Sanders, Ginsburg, Maddox, Newkirk & Day and William Latham and John H. Cayce, Jr., Miteff, Finney & Meyers and David Finney, Fort Worth, for appellants.

Brown, Herman, Scott, Dean & Miles and Larry E. Cotten, Fort Worth, for appellee.

## OPINION

HILL, Justice.

Bobby Malone and Pat Calloway appeal from a judgment against them and two other defendants, all jointly and severally, in favor of Carl Kisabeth Company, Inc., in the amount of $35,199.25 damages, with prejudgment interest of $12,874.35, plus attorney's fees through trial of $16,350.00, as well as additional attorney's fees in the event of appeals. The suit was a breach of contract action brought as a result of the undisputed refusal of appellants to accept delivery of a portion of a group of chairs which they had purchased from Kisabeth. The damages awarded included $26,048.89 for lost profit on the sale of 454 chairs and $9,150.36 for storage of chairs subsequent to the breach.

We reverse and render judgment that Kisabeth take nothing by its suit.

Appellants contend in point of error number five that the trial court erred in rendering judgment based on the jury's finding of lost profit damages, because the jury's answer to the special issue on lost profits included profits on a portion of the chairs which were accepted and paid for by them, resulting in a double recovery for Kisabeth.

Appellants contracted to purchase 454 chairs from Kisabeth at a contract price of $105.24 per chair. They breached the contract by only accepting 171 of the chairs. They have paid to Kisabeth a sum greater than the contract price for the chairs which they accepted. Kisabeth's evidence established that the total contract price for all 454 chairs was $47,778.96, and that the cost of manufacturing all the chairs was $21,730.07. The jury, in response to a special issue, found that the difference between those two, $26,048.89, was the profit on the sale of all 454 chairs.

In this factual situation, the measure of damages is determined from TEX.BUS. & COM.CODE ANN. sec. 2.708(b) (Tex.UCC) (Vernon Supp.1987), which provides that the measure of damages is the profit (including reasonable overhead) which the seller would have made from full performance by the buyer, together with any incidental damages provided in section 2.710 of the Code, due allowance for costs reasonably incurred, and due credit for payments or proceeds of resale.

Although appellants had accepted and paid for a portion of the chairs, the trial court awarded Kisabeth a judgment which included the profit for the sale of all the chairs contracted for, without allowing the appellants any credit for the payments made by them for the chairs which they had accepted and paid for. Kisabeth there-

fore enjoyed a double recovery, since the profits on those chairs which had been accepted and paid for by appellants was included in the payment which the appellants had made to Kisabeth. We sustain point of error number five.

In point of error number two, appellants contend that the trial court erred in rendering judgment for Kisabeth because there is no jury finding that Kisabeth was a lost volume seller.

It has been held in other jurisdictions that the "due credit for payments or proceeds of resale" language of section 2.708(b) of the Code does not result in a credit for the defaulting buyer from the proceeds of resale if the seller is a "lost volume seller." *Teradyne, Inc. v. Teledyne Industries, Inc.*, 676 F.2d 865 (1st Cir.1982).

A seller is a lost volume seller if the purchaser at resale would have been solicited by the seller had there been no breach, the solicitation would have been successful, and the seller could have performed the additional contract. Schlosser, *Damages for the Lost-Volume Seller: Does an Efficient Formula Already Exist?*, 17 U.C.C. L.J. 238, 245 (1985) citing Harris, *A Radical Restatement of the Law of Seller's Damages: Sales Act and Commercial Code Results Compared*, 18 STAN.L.REV. 66, 82 (1965). The reason for the rule is based on the idea that the lost volume seller would have received two profits, not just one, if the buyer had not breached, so that a recovery of both profits is necessary to put the seller in as good a position as if there had been no breach. *Comeq, Inc. v. Mitternight Boiler Works*, 456 So.2d 264, 268–69 (Ala.1984).

The trial court did not give appellants in this case any credit for the proceeds of the resale of the chairs, thus impliedly holding Kisabeth was a lost volume seller.

In five special issues, the trial court required the jury to find the difference between the market price of the chairs and the contract price of the chairs as of the date of the breach; to find the commercially reasonable and necessary charges and expenses incurred by Kisabeth for the storage of the chairs following appellants' refusal to accept them; to find the expenses Kisabeth saved because of the breach; to find whether or not the recovery by Kisabeth of the difference between the market price of the chairs not paid for and the contract price, together with the storage charge, less the expenses saved would place Kisabeth in as good a position as though the appellants had fully performed; and to find the lost profit due to appellants' failure to accept and pay for all of the chairs.

There were no special issues asking the jury to find whether the purchaser at resale would have been solicited by the seller had there been no breach; whether the solicitation would have been successful; or whether Kisabeth could have performed the additional contract.

TEX.R.CIV.P. 279 provides in part:

Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived; but where such ground of recovery or of defense consists of more than one issue, if one or more of the issues necessary to sustain such ground of recovery or of defense, and necessarily referrable thereto, are submitted to and answered by the jury, and one or more of such issues are omitted, without such request, or objection, and there is evidence to support a finding thereon, the trial court, at the request of either party, may after notice and hearing and at any time before the judgment is rendered, make and file written findings on such omitted issue or issues in support of the judgment, but if no such written findings are made, such omitted issue or issues shall be deemed as found by the court in such manner as to support the judgment.

*Id.*

█ In this case, no issue was submitted with respect to any element of Kisabeth's ground of recovery, that of being a lost volume seller, and none of the issues submitted was necessarily referrable to Kisabeth's ground of recovery on the basis of it

being a lost volume seller, in the sense that none of the issues would have given notice to appellants that Kisabeth had not waived its ground of recovery based on being a lost volume seller. Consequently, we deem Kisabeth's ground of recovery as a lost volume seller as having been waived. In the absence of the submission of any element of the ground of recovery or any issue necessarily referable thereto, we decline to deem any such issue to have been found in support of the judgment.

Kisabeth contends that it was unnecessary to submit such an issue because the fact that Kisabeth was a lost volume seller was undisputed.

Barry Wasser, president of Kisabeth, testified that the resale of the chairs could not have been made if it had not been for the fact that the chairs were in the showroom offered for sale and that the reason the chairs were in the showroom was because of the appellants' breach. We therefore fail to see how it was undisputed that Kisabeth would have made the same sale without the chairs already being manufactured and in its showroom to show customers.

■ Finally, Kisabeth contends that the appellants waived any error in Kisabeth's failure to obtain such a finding by failing to object. Where no element of a ground of recovery or no element necessarily referrable to a ground of recovery is submitted, the ground of recovery or of defense is waived, and the opposing party need not object in order to preserve error. TEX.R.CIV.P. 279; G. HODGES, SPECIAL ISSUE SUBMISSION IN TEXAS sec. 71 (1959); *Harmes v. Arklatex Corp.*, 615 S.W.2d 177, 179 (Tex.1981).

In urging that appellants waived any error due to the omission of any issue as to Kisabeth's status as a "lost volume seller" by failing to object to the omission, Kisabeth relies on TEX.R.CIV.P. 274, the case of *Farmer Foundation Co. v. Leach*, 680 S.W.2d 828 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.) and 3 R. MC-DONALD, CIVIL PRACTICE sec. 12.27.1, at 329–30 (rev.1983).

Rule 274 provides that any complaint as to a special issue because of any defect, omission, or fault in pleading shall be deemed waived unless specifically included in the objection. The rule does not provide that error in failing to submit any elements of the plaintiff's ground of recovery is waived by the defendant's failure to object to the omission.

In the case of *Farmer*, a special issue drafted by all the parties was submitted. The issue inquired as to the only disputed issue in the case. There is, therefore, no indication in the opinion that the party relying on the issue failed to submit any disputed issue or any disputed element of any ground of recovery to the jury. The cases relied on by *Farmer* in stating that the failure to object that the special issue does not properly set out a party's theories or defense waives any complaint on appeal are: *State Reserve Life Ins. Co. v. Ives*, 535 S.W.2d 400 (Tex.Civ.App.—Fort Worth 1976, no writ); *Parkview General Hospital, Inc. v. Eppes*, 447 S.W.2d 487 (Tex.Civ. App.—Corpus Christi 1969, writ ref'd n.r. e.); and *Hankamer v. Sumrall*, 257 S.W.2d 827 (Tex.Civ.App.—Beaumont 1953, writ ref'd n.r.e.). We have examined all of these authorities, including the reference to McDonald's Civil Practice, and find that none of them address the issue of whether an objection is necessary to preserve error in the event of the total failure of the court's charge to submit any element of the opponent's ground of recovery or defense or any element necessarily referable to the opponent's ground of recovery or defense. We sustain appellants' point of error number two.

■ In point of error six, appellants complain that there is no evidence to support the award of storage costs. The Texas Business and Commerce Code provides that an aggrieved seller can recover incidental damages from a breaching buyer, including any commercially reasonable charges for care and custody of the goods. TEX.BUS. & COM.CODE ANN. sec. 2.710 (Tex.UCC) (Vernon 1968).

The comment to section 2.710 of the Code states that the purposes of the section are

"[t]o authorize reimbursement of the seller for expenses reasonably incurred by him as a result of the buyer's breach", and that the section "intends to allow all commercially reasonable expenditures made by the seller."·

Barry Wasser, Kisabeth's president, testified that Kisabeth stored the chairs on its own premises, that he was familiar with the charges for storage in the custom furniture manufacturing business, and that the charge of $9,150.36 was a reasonable and necessary charge to be made by Kisabeth for the storage of chairs on its premises. There was no testimony that Kisabeth suffered any loss by having to pay to have other chairs stored elsewhere or was foreclosed from storing other chairs on its premises due to these chairs occupying space. There was no testimony of any expense actually incurred or made by Kisabeth as a result of keeping the chairs on its premises, as would be required for any recovery of incidental expenses under section 2.710 of the code. We sustain point of error number six.

In view of our holding with respect to points of error numbers five, two, and six, we need not consider the remaining points of error.

In the absence of any recovery of incidental damages, and with appellants receiving credit for resale due to the absence of the finding that Kisabeth was a lost volume seller, Kisabeth is entitled to recover no damages from appellants. Since Kisabeth recovers no damages, it is not entitled to recover its attorney's fees.

We reverse and render judgment that Kisabeth take nothing by its suit.

BURDOCK, J., dissents.

BURDOCK, Justice, dissenting.

I respectfully dissent.

Appellee is entitled to the reasonable value of the storage it provided. There is no requirement that the cost of the storage be paid to a third party. Appellants' sixth point of error should be overruled.

The correct measure of damages should be the contract price, plus reasonable storage and other costs, less the amount paid and the fair market value at time of breach of the chairs not accepted.

Even accepting the holding of the majority, in the interest of justice, the cause should be remanded for a new trial.

HOPKINS, J., joins.