David Lee DUGAN, M.D., Keepers Anesthesia Services, P.A., Gregory Allen Vanzant, M.D., and Michael G. Parisi, D.O., Appellants,

v.

COMPASS BANK, Appellee.

No. 05–02–01843–CV.

Court of Appeals of Texas, Dallas.

Aug. 6, 2003.

Robert C. Wendland, Sewell & Anderson, L.L.P., Dallas, for appellant.

William G. Compton, Ryan H. Downton, Andrews & Durth L.L.P., Dallas, for appellee.

Before MORRIS, MOSELEY, and ROSENBERG.[1]

1. The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

2. The reporter's record of the trial is included as an exhibit to the motion for new trial.

## OPINION

Opinion by Justice MOSELEY.

David Lee Dugan, M.D., Keepers Anesthesia Services, P.A., Gregory Allen Vanzant, M.D., and Michael G. Parisi, D.O., plaintiffs below and appellants herein ("Appellants") appeal from the entry of a Final Judgment and Order Overruling Plaintiffs' Motion for New trial in their suit against appellee Compass Bank (the "Bank"). Appellants' sole issue on appeal is that the trial court erred in failing to grant them a new trial after their counsel essentially abandoned them at trial, resulting in the rendition of a directed verdict in favor of appellee. We affirm.

### FACTUAL BACKGROUND

Appellants sued the Bank in May 2000 to recover on checks that were deposited to the account of an unauthorized third party. They were represented by Mr. Anthony Rodriguez, an attorney in California who was licensed to practice in both California and Texas. Rodriguez made arrangements with a Dallas lawyer, Mr. John Agnew, to assist with the case. In December 2001, the trial was set for August 6, 2002. On June 28, 2002, the court granted Mr. Agnew's motion to withdraw as local attorney.

On the day of trial Rodriguez appeared in court on behalf of Appellants and argued that he had a conflict and would like a continuance, or would like to withdraw as counsel, and further complained of the local lawyer's previous withdrawal as counsel.[2] None of the Appellants were present at trial.[3] Rodriguez refused to reveal to

3. In affidavits attached to their motion for new trial Appellants testified that Mr. Rodriguez had told them it was not necessary for them to attend. A man named Scott Meyer was present in the courtroom and stated that he was there representing one of the doctors

the court the details of his purported conflict and finally made an oral motion to withdraw as counsel. The court denied Rodriguez's motion. The court then heard the Bank's motion in limine. When the court asked for Appellants' response, Rodriguez responded that he could not participate because of a conflict. The court called the venire and asked Rodriguez if he was ready to voir dire the prospective jurors. Rodriguez responded "Not at this time, your honor." After the lunch break Rodriguez did not return. Thus when the court announced that it was ready to hear evidence from the Appellants, there was no attorney present representing them. The Bank moved for a directed verdict based on Appellants' failure to present evidence on any element of their claim, and the court granted the motion. The court signed its judgment August 6, 2002.

Appellants filed a motion for new trial September 5, 2002, based on the standards set forth in *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (1939). The court overruled Appellants' motion for new trial October 16, 2002. Appellants filed their Notice of Appeal November 4, 2002, and designated the Final Judgment entered August 6, 2002, as the order from which they appealed.

### STANDARD OF REVIEW

Appellants' sole issue on appeal is that because their lawyer abandoned their case and failed to represent them at trial, the trial court abused its discretion in overruling their motion for new trial. Appellants

ask this Court to vacate the trial court's Final Judgment and grant them a new trial.

### A. NOTICE OF APPEAL

The Bank argues that Appellants are not entitled to appellate review of the trial court's denial of their motion for new trial, but are limited to review of the court's entry of a directed verdict because their notice of appeal designated only the August 6, 2002 Final Judgment as the order from which they were appealing. *See* TEX. R.APP. P. 25.1(d)(2)(notice of appeal must state the date of the judgment or order appealed from).

"The Texas Supreme Court has held that the Rules of Appellate Procedure should be interpreted liberally to allow appellate courts to reach the merits of an appeal whenever possible." *Foster v. Williams,* 74 S.W.3d 200, 203 (Tex.App.-Texarkana 2002, pet. denied) (citing *Jones v. Stayman,* 747 S.W.2d 369, 370 (Tex. 1987)); *Consol. Furniture Co. v. Kelly,* 366 S.W.2d 922, 923 (Tex.1963). In *Maxfield v. Terry,* 888 S.W.2d 809, 811 (Tex.1994), the court held that a party who had filed a cost bond in only one of two related cases it sought to appeal had made a bona fide attempt to invoke the jurisdiction of the court of appeals in both cases and should have been given the opportunity to correct any defects in the appeal before it was dismissed.[4]

Appellants here filed a timely notice of appeal of the final judgment.[5] The

---

"only for the purposes of recording what's going on."

**4.** Rule of appellate procedure 25.1(f) provides that an amended notice of appeal may be filed at any time up until the appellant's brief is filed. TEX.R.APP. P. 25.1(f). After the appellant's brief has been filed, the notice of appeal may be amended only on leave of the appel-

late court and on such terms as the court may prescribe.

**5.** The filing of a timely notice of appeal distinguishes this case from the court's decision in *Thomas v. Thomas,* No. 14–02–01286–CV, 2003 WL 1088220 (Tex.App.-Houston [14th Dist.] March 13, 2003, no pet. h.), in which the notice of appeal was not timely filed. The facts here are more similar to those in *Texas*

issue is whether that notice preserved for appellate review the argument included in their motion for new trial and renewed on appeal. Rule 33.1 of the Texas Rules of Appellate Procedure governing the preservation of error requires that the record show that a complaining party made a timely request with sufficient specificity to make the trial court aware of the grounds for such party's complaint. TEX.R.APP. P. 33.1. By filing their motion for new trial Appellants raised their complaint with sufficient specificity to make the trial court aware of their complaint. The trial court had an opportunity to consider and rule on Appellants' claim, and the appellee has had the opportunity to oppose Appellants' request. Under these circumstances, we conclude Appellants may argue on appeal that the trial court erred in overruling their motion for new trial.

B. MOTION FOR NEW TRIAL

■ The standard of review of the denial of a motion for new trial is abuse of discretion. *Champion Int'l Corp. v. Twelfth Court of Appeals*, 762 S.W.2d 898, 899 (Tex.1988)(orig. proceeding). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or in other wording, if it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). Appellants argue that the applicable guiding rules and principles to determine whether their motion for new trial should have been granted are the criteria set forth in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939). In *Craddock* a defendant sought a new trial after the entry of a default judgment. The court held that to be entitled to a new trial a party must show:

(1) the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident;

(2) the motion for new trial sets up a meritorious defense; and

(3) the motion is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Id.* at 126.

■ Appellants seek a new trial in a case in which they are plaintiffs. Appellants have not argued that they have a meritorious case, and they seek a new trial after both the defendant and a jury have appeared for their trial. Under these circumstances Appellants have not convinced us that the benchmarks of *Craddock* apply. Moreover, even if a *Craddock* analysis were applicable, Appellants' motion does not meet the *Craddock* criteria.

■ Appellants argue that the trial court should have exercised its discretion to grant them a new trial because the ineffectiveness of their counsel deprived them of a fair trial. Generally, the right to the effective assistance of counsel does not apply in a civil case. *Approximately $42,850.00 v. State*, 44 S.W.3d 700, 702 (Tex.App.-Houston [14th Dist.] 2001, no pet.). The only Texas case Appellants cite in support of their argument that the trial court should have exercised its discretion to grant their motion for new trial is *McMillan v. McMillan*, 72 S.W.2d 611 (Tex.Civ.App.-Dallas 1934, no writ). In *McMillan* the court granted a new trial to

*Sting, Ltd. v. R.B. Foods, Inc.*, 82 S.W.3d 644 (Tex.App.-San Antonio 2002, pet. denied), in which the court held that a notice of appeal that referred to a final default judgment, but did not mention an earlier dismissal for want of prosecution, was valid to appeal both orders. The court considered, without separate discussion, the trial court's denial of appellant's motion for a new trial seeking to set aside both orders.

a defendant who had been represented by an attorney at trial, but nevertheless was deprived of a fair trial. *McMillan* involved a defendant whose attorney did more than fail to represent her. The defendant in that case did not attend the trial due to illness, and before trial the defendant's attorney had made an announcement in open court that made it clear he did not have the authority to enter into an agreed judgment. Nevertheless, at the close of the plaintiff's case the defendant's attorney stated in open court that he felt the plaintiff was entitled to all the relief he sought and offered no resistance to an instructed verdict in the plaintiff's favor. The defense attorney stated further that he and the plaintiff's attorney would agree to the distribution and division of the parties' properties and the judgment reflected that it was entered by agreement. The court held that while the negligence of one's attorney usually affords no relief, if the negligence is so connected with an unauthorized act of an attorney, the defendant's motion for new trial should be granted. *Id.* at 613.

In contrast, these Appellants retained the attorney of their choice, Rodriguez, and authorized him to act in their behalf in a civil case. He represented them up to and including the date of trial. They complain that Rodriguez failed to represent them adequately. While Rodriguez's acts may have been deficient, we cannot conclude that his acts were of such a nature that, having entered a directed verdict in favor of the Bank, the trial court acted in an arbitrary or unreasonable manner in denying the Appellants' motion for new trial.

We affirm the judgment of the trial court.