**AFFIRMED; Opinion Filed May 13, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01688-CV

**CRAIG A. SWEET, INDIVIDUALLY, AND AS NEXT FRIEND OF C.S., A MINOR, AND WIFE, MARCIA SWEET, Appellants**

**V.**

**FLOW FORCE PLUMBING, LLC, AND DAVID GRIER, Appellees**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-07634**

## MEMORANDUM OPINION
Before Justices Moseley, Bridges, and Evans
Opinion by Justice Evans

Appellants Craig Sweet, individually and as next friend of C.S., a minor, and Marcia Sweet appeal from a judgment which granted appellees' motions for summary judgment. We affirm.

### BACKGROUND

On or about September 2, 2010, appellees performed repairs on the appellants' bathroom shower. On Monday, September 6, 2010, Craig Sweet ("Sweet") used the shower for the first times since the repairs. While showering, Sweet did not feel his foot being cut or any pain in his foot. Sweet has diabetic nerve damage, neuropathy, and has lessened feeling in his lower extremities. After showering, Sweet did not notice any blood in the bathroom or when he dressed in flip-flops. Sweet then drove to his aunt's house for a Labor Day cookout and wore his

flip-flops continuously throughout the day. After he drove home later that evening, Sweet removed his flip-flops and his son noticed the bottom of his foot was covered in dried blood. On Tuesday, September 7, 2010, Sweet noticed a screw lying on the shower floor. Ultimately, part of Sweet's foot was amputated as a result of the infection from the cut in the bottom of his foot.

In their lawsuit, appellants alleged that appellees negligently repaired the shower and, as a result, Sweet injured his foot. Appellees filed a combined traditional and no-evidence summary judgment motion. In the no-evidence motion, appellees asserted there was no evidence that any act or omission by appellees caused Sweet's alleged injuries. In the traditional motion, appellees argued that they were entitled to judgment as a matter of law because appellees' evidence of causation was too speculative to support a judgment against them. The trial court granted appellees' motion for summary judgment, without indicating whether it was granting the traditional or no-evidence motion, and dismissed appellants' claims with prejudice. After the trial court denied appellants' motion for new trial, appellants filed this appeal.

## ANALYSIS

### A. The Trial Court Did Not Err in Granting Appellees' Motion for Summary Judgment

Once a party moves for summary judgment on the ground that no evidence exists to support one or more essential elements of a claim or defense, the non-movant must produce more than a scintilla of evidence raising a genuine issue of material fact on the challenged elements to defeat the motion. TEX. R. CIV. P. 166a(i); *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997). A no-evidence summary judgment motion under Rule 166a(i) is essentially a motion for a pretrial directed verdict. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581–82 (Tex. 2006). Thus, we review the

evidence presented by the motion and response in the light most favorable to the party against whom summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc.*, 206 S.W.3d at 582 (*citing City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). Further, where, as here, the trial court does not specify the grounds upon which it relied in granting summary judgment, we will affirm if any ground is meritorious. *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex. 1995).

Rule 166a(i) explicitly provides that in response to a no-evidence summary judgment motion, the respondent must present some summary judgment evidence raising a genuine issue of material fact on the element attacked, or the motion must be granted. TEX. R. CIV. P. 166a(i). Appellants do not contest the fact that they only submitted circumstantial evidence regarding causation. Although this fact in and of itself is not determinative, the real issue is that the circumstantial evidence presented by appellants failed to rise above the scintilla of evidence test:

> In claims or defenses supported only by meager circumstantial evidence, the evidence does not rise above a scintilla (and thus is legally insufficient) if jurors would have to guess whether a vital fact exists. "When the circumstances are equally consistent with either of two facts, neither fact may be inferred." In such cases, we must "view each piece of circumstantial evidence, not in isolation, but in light of all the known circumstances."

*City of Keller*, 168 S.W.3d at 813–14 (calling this the equal inference rule and *quoting Tubelite, a Div. of Indal, Inc. v. Risica & Sons, Inc.*, 819 S.W.2d 801, 805 (Tex. 1991) and *Lozano v. Lozano*, 52 S.W.3d 141, 167 (Tex. 2001)).

Here, although it is understandable that Sweet did not feel any pain in his foot while showering or feel his foot being cut on September 6, 2010, due to his diabetic neuropathy, he also did not notice a screw or see any blood on the shower floor or on his towel. No one saw blood on Sweet's foot until the end of the day. Although Sweet had worn flip-flops all day, this would not prevent a small, sharp object from getting between the flip-flop and Sweet's foot and

cutting his foot without Sweet feeling it due to his diabetic neuropathy. Sweet further testified that it was not until he found the screw in the shower on September 7, 2010, that he concluded that the screw must have caused his injury on September 6, 2010. Previous courts, however, have made clear that this type of "inference" is insufficient to constitute a scintilla of evidence of cause in fact. *See Marathon Corp. v. Pitzner,* 106 S.W.3d 724, 727 (Tex. 2003) ("A finding of cause in fact may be based on circumstantial evidence, but cannot be supported by mere conjecture, guess, or speculation."); *Ham v. Equity Residential Prop. Mgmt. Serv., Corp.*, 315 S.W.3d 627, 631-32 (Tex. App.—Dallas 2010, pet. denied) ("Cause in fact and foreseeability 'cannot be established by mere conjecture, guess, or speculation.'" (*quoting Western Inv., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005))).

In this instance, there is only speculation that the screw in the shower caused Sweet's injury as he did not feel any pain or notice any blood or a cut on his foot until evening. It is equally possible that Sweet injured his foot during the period of time after his shower and before he removed his flip-flops that evening. When the circumstantial evidence could give rise to a number of inferences and none is more probable than another, then the jury may not infer an ultimate fact from such evidence. *Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387, 392 (Tex. 1997); *Smith v. Landry's Crab Shack, Inc.*, 183 S.W.3d 512, 514 (Tex. App—Houston [14th Dist.] 2006, no pet.). "'[I]n cases with only slight circumstantial evidence, something else must be found in the record to corroborate the probability of the fact's existence or non-existence.' That 'something else' is absent in this case." *Marathon Corp.*, 106 S.W.3d at 729 (*quoting Lozano*, 52 S.W.3d at 148). The record of this case, too, lacks some fact beyond speculation that connects the screw later found in the shower with Sweet's cut on the bottom of his foot. On this record, there is not a scintilla of evidence to support causation.

Accordingly, we conclude the trial court did not err when it granted appellees' no-evidence summary judgment.

## B. The Trial Court Did Not Err in Denying Appellants' Motion for New Trial

The standard of review for denial of a motion for new trial is abuse of discretion. *Dugan v. Compass Bank*, 129 S.W.3d 579, 582 (Tex. App.–Dallas 2003, no pet.). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner. *Id.* Appellants contend that this case should be remanded for a new trial because the trial court failed to apply the principles set forth in *Havner v. E-Z Mart Stores, Inc.*, 825 S.W.2d 456, 459 (Tex. 1992). We disagree.

In *Havner*, an overnight convenience store clerk was abducted from her job and murdered. *Id*. at 457. The deceased employee's family and estate filed a wrongful death lawsuit which alleged that the store's deficient security system was a cause of the employee's death. *Id.* The jury agreed and the employee's family obtained a judgment against the convenience store in the trial court. *Id.* The court of appeals, however, reversed and rendered a judgment that the family take nothing because there was no evidence of causation. *Id.* Specifically, the court of appeals held that the family failed to negate all other possible causes:

> As significant as the evidence in this record is, equally significant is the absence of certain evidence. This case presents many unknowns. We do not know who the assailant was, whether he, she or they were armed, whether Diana Havner was ordered from the premises, taken by ruse, or otherwise; and we do not know if she was actually abducted. There is far too little known about the causes or motivations behind the criminal acts committed against Diana Havner for this Court to conclude that there is any evidence that any conduct by E-Z Mart caused the harm to Diana Havner.

*Id.* at 460–61. The supreme court reviewed the evidence of the numerous security features, devices, and precautions that were disabled or not used by the store culminating with the chief of police's testimony that the store "had taken no precautions whatsoever for the safety of its employees." *Id*. at 460. The court reviewed evidence strongly indicating that Havner had not left the store voluntarily, including the following admission by the store's director of security: "I

agree with Chief Lewis that [the criminals] came in, took Diana out by force, probably using a weapon . . . ." *Id*. at 461. The supreme court reversed concluding that "some evidence exists to support the jury's finding that inadequate employer security was one cause of Havner's death." *Id.*

In the instant case, however, appellants have not produced a scintilla of evidence that the screw found in the shower was a cause of Sweet's injuries. Appellants' only evidence that the screw in the shower caused Sweet's injuries involves conjecture, guess, or speculation. For all the reasons discussed above, such evidence is inadequate to support a finding of causation. Accordingly, we cannot conclude that the trial court abused its discretion in denying appellants' motion for new trial.

## CONCLUSION

We resolve appellants' issues against them and affirm the trial court's judgment.


/David Evans/
DAVID EVANS
JUSTICE


121688F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CRAIG A. SWEET, INDIVIDUALLY,
AND AS NEXT FRIEND OF C.S., A
MINOR, AND WIFE, MARCIA SWEET,
Appellants

No. 05-12-01688-CV      V.

FLOW FORCE PLUMBING, LLC, AND
DAVID GRIER, Appellees

On Appeal from the 160th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-11-07634.
Opinion delivered by Justice Evans.
Justices Moseley and Bridges participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

     It is **ORDERED** that appellees FLOW FORCE PLUMBING, LLC, and DAVID GRIER recover their costs of this appeal from appellants CRAIG A. SWEET, individually and as next friend of C.S., a minor, and wife, MARCIA SWEET.

Judgment entered this 13th day of May, 2014.

/David Evans/
DAVID EVANS
JUSTICE