**AFFIRMED and Opinion Filed July 12, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-00069-CV

## ANGELOS KOLOBOTOS, Appellant
## V.
## CITY OF DALLAS, Appellee

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-13349**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Garcia
Opinion by Justice Goldstein

Angelos Kolobotos[1] appeals the denial of his motion for new trial following

the trial court's granting summary judgment in favor of the City of Dallas. In three

issues, Kolobotos argues: (1) no legally or factually sufficient evidence supported

the denial of Kolobotos' motion for new trial; (2) due to the trial court's error in

failing to grant the motion for new trial, Kolobotos should be granted a chance to

---

[1] The record reflects that in the trial court there were two named plaintiffs, Stamatina Holdings, LLC, and Tenants of 1918 Duluth Street. The City filed a counterclaim which named the original plaintiffs, the property in rem, and Kolobotos (including several aliases) as counter-defendants. On appeal, the only named party is Angelos Kolobotos.

respond to the City's motion for summary judgment which he lost on default; and (3) trial counsel was negligent and caused the default judgment by withdrawing on the day a response was due to the City's Motion for Summary Judgment. We affirm the trial court's judgment.

## BACKGROUND

The central dispute involves property conditions of an occupied multi-family eight-unit apartment complex. The underlying facts are well known to the parties and will only be set forth herein for purposes of the issues on appeal which relate to the denial of the motion for new trial and Kolobotos' averred inability to respond to the City's motion for summary judgment.

The last jury trial setting before rendition of summary judgment was August 30, 2022. The City filed its traditional motion for summary judgment on August 8, 2022, and it was set for hearing by submission on September 19, 2022. The record is clear that Kolobotos received notice of the hearing on the motion for summary judgment, and his knowledge of the filing and submission date is not disputed.

On September 13, 2022, trial counsel Leslie Adams filed a motion to withdraw as counsel for Kolobotos and other named plaintiffs. On September 15, 2022, Kolobotos' newly retained counsel, Marc Traynor, filed a letter of appearance advising that prior counsel Adams had withdrawn seven days before the summary judgment hearing and that "we have filed a motion for continuance." The motion for continuance of the hearing on the City's summary judgment motion was file

stamped September 20, 2022. The continuance motion recited that the motion for summary judgment was pending, and prior trial counsel failed to respond to the summary judgment motion within the statutory time. The motion further requested an extension on the [continuance] ruling and time to respond to the City's motion, asked the trial court to reset the hearing currently set for September 19, and again advised the court that Adams had withdrawn seven days before the current hearing date. The City opposed the continuance as untimely, noting it was filed the day after the hearing submission date.

The trial court granted the City's motion for summary judgment on November 15, 2022.[2] Kolobotos filed a motion for new trial and rehearing regarding the City's motion for summary judgment on December 2, 2022. The trial court denied Kolobotos' motion for new trial on January 12, 2023, and this appeal timely followed.

## STANDARD OF REVIEW

We review a trial court's ruling on a motion for new trial under an abuse of discretion standard. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (per curiam). A trial court abuses its discretion when it acts in an unreasonable

---

[2] The docket sheet reflects that a status conference was set for November 10, 2022, on the City's motion for summary judgment. Reference is made to the status conference in the motion for new trial, but the appeal was submitted without a reporter's record; therefore, there is nothing for us to consider.

or arbitrary manner or without reference to any guiding rules and principles. *K–Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000) (per curiam).

Kolobotos relies upon *Craddock* to support his argument that he is entitled to a new trial. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939). Under *Craddock*, a movant for new trial must (1) establish that the failure to answer was not intentional or due to conscious indifference, but rather, was due to mistake or an accident, (2) set up a meritorious defense, and (3) demonstrate that the granting of a new trial will not cause delay or otherwise injure the plaintiff. *Craddock,* 133 S.W.2d at 126.

The City contends that *Craddock* is inapplicable in a summary judgment context. Specifically, the City relies upon *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002), wherein the Texas Supreme Court held that, in a summary judgment default situation where the defaulting party failed to file a timely response but had time prior to entry of the summary judgment to obtain leave to file an untimely response or to obtain a continuance, *Craddock* did not apply. "Our purpose in adopting the *Craddock* standard was to alleviate unduly harsh and unjust results at a point in time when the defaulting party has no other remedy available." *Carpenter*, 98 S.W.3d at 686 (citing *Craddock*, 133 S.W.2d at 126). In such situations, the court considers whether a party who files a motion for leave to file a late summary judgment response establishes "good cause" by showing that the failure to timely respond (1) was not intentional or the result of conscious

indifference, but the result of accident or mistake, and (2) allowing a late response will not cause any undue delay or otherwise injure the other party. *Id.* at 688. The *Carpenter* court then held that

> We do not decide today whether *Craddock* should apply when a nonmovant discovers its mistake after the summary-judgment hearing or rendition of judgment. But we disapprove of . . . court of appeals decisions to the extent that they can be read to hold that all of the *Craddock* factors must be met when a nonmovant is aware of its mistake at or before the summary-judgment hearing and thus has an opportunity to apply for relief under our rules.

*Id.* at 686.

As Kolobotos was aware of the failure to respond at or before the summary judgment hearing, he had an opportunity to apply for relief under the rules. *Id.* at 685. ("Our summary-judgment rules afford a party in this situation an opportunity to obtain additional time to file a response, either by moving for leave to file a late response or by requesting a continuance of the summary-judgment hearing. *See* TEX. R. CIV. P. 166a(c), 251."). Kolobotos avers that his failure to respond was due to his trial counsel's withdrawal on the day the response was due. However, the record reflects new counsel was retained and knew about the summary judgment motion and hearing by the submission date. Kolobotos thereafter actually availed himself of one of the remedies under the rules by requesting a continuance, albeit

untimely, of the summary judgment hearing.[3]  As more fully addressed below, we agree with the City that *Carpenter* applies.

## ANALYSIS

### Issue 1:  No legal or factually sufficient evidence supported denying Kolobotos' Motion for New Trial

> Whether there is legally sufficient evidence to support the denial by Court of Appellant's Motion for New Trial; when it is clear Appellant was legally checkmated and could not response [sic] to the Summary Judgment Motion, that the MNT was regarding. Appellant's attorney of record, Leslie Adams, withdrew, the day the response was due, Appellant's new counsel Marc Traynor was not allowed to substitute in as attorney of record by the Court, and the Court refused to allow Appellant to respond pro se. Clearly, per Craddock, Appellant did not show conscious indifference to the process, and should not lose on default.

The chronology of events is not challenged.  Kolobotos' trial counsel Leslie Adams, after sending his client the requisite notification letter for withdrawal on September 9, 2022, filed a motion to withdraw on September 13, 2022, with a proposed order. Marc Traynor filed a notice of appearance with a proposed order granting substitution of counsel.  The notice of appearance acknowledged the pending summary judgment hearing, stated a motion for continuance was filed, and the failure to file a timely response was due to the withdrawal of prior counsel.  The

---

[3] Although no order granting the continuance is in the file, the record reflects a status conference was held and the summary judgment signed thereafter.   Despite purported confusion relative to legal representation, the record does not reflect any ruling by the court or effort to bring this issue to the trial court's attention.

motion for continuance was file stamped the day after the submission date for summary judgment consideration with a proposed order granting the continuance. The record does not reflect any actions taken to have the trial court rule on these pending motions or proposed orders. Neither a motion for leave to file a late response, nor a late filed response is in the record. Other than a letter to the court regarding the continuance and the City's response to the letter on September 23, 2022, in the almost two months between the summary judgment submission date, the status conference, and the entry of summary judgment, the record is silent concerning whether additional relief was sought under the rules for any pending motion relative to counsel's withdrawal, counsel's substitution, or summary judgment.

As stated above, Kolobotos erroneously relies upon the *Craddock* three-pronged test to establish his entitlement to a new trial due to a default judgment, when he knew summary judgment was pending and he had remedies under the Texas Rules of Civil Procedure before the hearing date and before summary judgment was entered. This court's precedent has followed *Carpenter* when presented with similar or more compelling circumstances. *See McCray v McCray*, 2020 WL 831612 *5 (Tex. App.—Dallas 2020); s*ee also Dugan v. Compass Bank*, 129 S.W.3d 579 (Tex. App.—Dallas 2003, no pet.). Kolobotos is not entitled to rely on *Craddock* in the summary judgment context because there were remedies available under the rules. Kolobotos was required to and did seek a continuance, albeit a day after the hearing

was set. Kolobotos, however, never received a ruling on the continuance motion and never filed or sought leave to file a late response.[4]

In *Carpenter*, the supreme court articulated the following test where the nonmovant has an opportunity to seek leave to file a late response to the motion for summary judgment:

> [A] motion for leave to file a late summary-judgment response should be granted when a litigant establishes good cause for failing to timely respond by showing that (1) the failure to respond was not intentional or the result of conscious indifference, but the result of accident or mistake, and (2) allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment.

*Id* at 688. Neither a motion for leave to file, nor late summary-judgment response was filed. New trial counsel made an appearance before the date set for hearing and, although counsel advised the trial court in correspondence that Kolobotos "filed a motion for continuance," it was filed the day after the date set for summary judgment submission. Notwithstanding that submission setting, a status conference was set for the summary judgment motion, and the trial court did not rule on the motion for summary judgment until November 15, 2022, almost two months after the original setting. No response or motion for leave to file a late response was filed. In fact, in the motion for new trial, counsel stated:

---

[4] The motion to withdraw, the motion to substitute counsel and the motion for continuance were never challenged for failure to rule. As no issue is raised, we do not further address these issues.

> while a response to the pending motion for summary judgment could have been filed before judgment was entered, it did not seem pressing, given the course of dealings.
>
> * * *
>
> I am ready and able to respond to the City's motion for summary judgment, and many issues of fact and law are in dispute.

No good cause has been shown for failing to respond, or failing to file a motion for leave to file a late response as permitted under the rules. Kolobotos failed to establish—after the motion for continuance was filed, the submission date passed without the trial court ruling, and a status conference was held—that the failure to respond was not intentional or the result of conscious indifference, but the result of accident or mistake. We conclude the trial court did not abuse its discretion in denying Kolobotos' motion for a new trial. We overrule Kolobotos' first issue.

**Issue 2: Due to trial court's error in failing to grant the Motion for New Trial, Kolobotos should be granted a chance to respond to the City's Motion for Summary Judgment which he lost on default.**

Our disposition of Kolobotos' first issue is dispositive of his second issue. Kolobotos failed to meet the standard set forth in *Carpenter*; therefore, the trial court did not err in failing to grant the motion for new trial, and there is no further opportunity under the rules to respond to the City's motion. We overrule Kolobotos' second issue.

**Issue 3: Trial counsel was negligent and caused the default judgment by withdrawing the day a response was due to the City's Motion for Summary Judgment.**

In his third issue, Kolobotos argues as follows:

> Attorney Leslie Adams prejudiced his client in front of the Court, and his actions led to Appellant's default Judgment, when Adams failed to respond to the Motion for Summary Judgment filed against his client; and failed to withdraw in a fair and equitable way. Appellant's default regarding Appellee's Motion for Summary Judgment was due to Attorney Leslie Adamass [sic] negligence regarding Appellant's case at the trial level.

We construe Kolobotos' third issue as an argument that his trial counsel was ineffective.[5] "Generally, the right to the effective assistance of counsel does not apply in a civil case." *Dugan,* 129 S.W.3d at 582 (citing *Approximately $42,850.00 v. State*, 44 S.W.3d 700, 702 (Tex. App.—Houston [14th Dist.] 2001, no pet.)). *Dugan* occurred in the context of a jury trial rather than a summary judgment proceeding. *Id* at 581 ("lawyer abandoned their case and failed to represent them at trial"). Kolobotos complains that Adams' failure to respond by the summary judgment deadline or to "withdraw in a fair and equitable way" led to the default judgment.

Kolobotos first retained the attorney of his choice, Leslie Adams, who withdrew on the eve of the statutory response date for the motion for summary judgment. A new attorney was quickly retained, made an appearance, and advised the court through written correspondence of the circumstances faced by his client, including the desired continuance of the summary judgment proceeding. On this

---

[5] To the extent Kolobotos is alleging a separate cause of action for negligence against trial counsel, that issue is not properly before us on appeal.

record, *Carpenter* applies to the circumstances here, and Kolobotos cannot rely on *Craddock*. Given that the motion to withdraw, the motion for substitution of counsel, and the belated filing of the motion for continuance had all been filed before the rendition of summary judgment, it was incumbent on Kolobotos to challenge on appeal the failure to rule or to grant the continuance, and he has failed to do so.[6] We overrule Kolobotos' third issue.

We affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

230069F.P05

---

[6] We note once again without further discussion the record shows there was a two-month delay during which a status conference was conducted before summary judgment was entered. To the extent the other pending motions and the trial court's failure to rule on them are alleged to have affected any additional filings, those have not been challenged in this appeal and cannot be addressed.



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

ANGELOS KOLOBOTOS,
Appellant

No. 05-23-00069-CV     V.

CITY OF DALLAS, Appellee

On Appeal from the 193rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-13349.
Opinion delivered by Justice
Goldstein. Justices Reichek and
Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CITY OF DALLAS recover its costs of this appeal from appellant ANGELOS KOLOBOTOS.

Judgment entered this 12th day of July 2024.