**Affirmed and Opinion Filed August 31, 2021**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00085-CV**

**ANDRE W. WILLIAMS, SR., Appellant**
**V.**
**CITY OF RICHARDSON, SELF INSURED, Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-02050**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Nowell
Opinion by Justice Osborne

This is a worker's compensation case. After the Texas Department of Insurance, Division of Workers' Compensation ("Department") ruled that appellant Andre W. Williams, Sr. "did not sustain a compensable injury on February 29, 2016," and the Department's Appeals Panel affirmed that ruling, Williams filed a petition for review in the trial court. The trial court rendered judgment for appellee City of Richardson, Williams's employer, after a bench trial. In three issues, Williams challenges the trial court's judgment. We affirm.

## BACKGROUND

In his operative petition, Williams alleged he "sustained a compensable injury to the lower back" on February 29, 2016, "while performing duties with his employer, The City of Richardson." He contended he informed his supervisor "that he was hurt, in pain and needed to go to his Doctor's immediately." He alleged that he then informed his supervisor that "he was out on Doctor's request to rest his lower back and let the swelling go down." He pleaded that he gave timely notice of his claim to the Department within a year of his injury.

Williams initiated his worker's compensation claim by filing it in the Department in 2017. His claim proceeded to a contested case hearing before a Department administrative law judge in October 2018. The disputed issues presented for decision were:

1.   Did the Claimant sustain a compensable injury on February 29, 2016? . . .

2.   Is [the City] relieved from liability under Texas Labor Code Section 409.002 because of the Claimant's failure to timely notify his Employer pursuant to Section 409.001?

3.   Is [the City] relieved from liability under Texas Labor Code Section 409.004 because of Claimant's failure to timely file a claim for compensation with the Division within one year of the claimed injury as required by Texas Labor Code Section 409.003?

After an evidentiary hearing, the Department ruled in favor of Williams on the third issue, but concluded that "Claimant did not sustain a compensable injury on February 29, 2016," and that the City "is relieved from liability under Texas

Labor Code Section 409.002 because of Claimant's failure to timely notify his Employer pursuant to Section 409.001." The Department issued its "Decision and Order" with these rulings on October 25, 2018 ("Original Order"). The Original Order was signed by the Administrative Law Judge ("ALJ") who conducted the contested case hearing. It contained a "Discussion" section in which the ALJ noted:

- Williams's testimony that he "sustained a specific event work injury on February 29, 2016 as a result of riding as a passenger in a front loader for a few hours, because he could not stretch out his legs" was "inconsistent with a lot of the evidence, including evidence coming from Claimant [Williams]."

- Williams's medical records did not reflect that he had been injured at work on February 29, 2016. In particular, records from a lumbar MRI on the alleged date of injury showed "Bilateral leg numbness for three weeks. No acute injury," and records from three visits to Dr. Gibbons for back pain in August and September 2016 contain Dr. Gibbons's note that "Patient firmly states that his low back pain is not the product of a work-related injury."

- "Claimant's credibility was called into question" by certain documents he offered as evidence containing "obvious alterations," including his termination notice from the City.

Williams sought review by the Department's appeals panel. The appeals panel subsequently notified Williams that the Original Order had become final. *See* TEX. LAB. CODE § 410.204(c) (appeals panel decisions).

Williams then filed a petition for judicial review of the Department's decision in the trial court. In his petition, Williams complained that the Original Order contained errors. In response, the City filed a "Motion to Correct Clerical Error and for Judgment Nunc Pro Tunc" in the Department, seeking correction of "six clerical

errors"—all dates—in the Original Order.[1] The City filed a copy of this motion in the trial court. The Department signed an order granting the City's motion on September 5, 2019, ruling that the original Decision and Order was effective October 25, 2018—the date of the Original Order—"as herein modified." The City filed the Department's "Order on Motion to Correct Clerical Errors" in the trial court on September 9, 2019, and the case proceeded to trial before the court on October 14, 2019.

Williams, representing himself, contended that he suffered a back injury on February 29, 2016, from "being forced to sit in an uncomfortable position for an extended period of time." Jose Morino, the City's human resources director, testified that Williams never reported a work-related injury to the City. He explained that the City learned of the claim after notification from the Department over a year later. Morino testified that Williams received a poor performance review immediately before he stopped coming to work in March 2016, and Williams's employment was terminated in October 2016.

Williams and Morino were the only witnesses at trial. The relevant facts were vigorously contested, and each party alleged the other had submitted altered medical records and other documents to the Department or to the court.

---

[1] In four places, the Original Order recited the date of the alleged injury as September 29, 2016, not February 29, 2016. In two places, the Original Order recited a date of March 22, 2016, rather than March 2, 2016, as the date when the City advised Williams "that he needed to significantly improve his job performance." The City attached evidence admitted at the contested case hearing showing the correct dates.

–4–

The trial court rendered judgment for the City on October 21, 2019. On November 11, 2019, Williams filed a request for findings of fact and conclusions of law. The trial court responded by letter inviting the parties to submit proposed findings of fact and conclusions of law. Neither party responded or filed a notice of past due findings and conclusions, and the trial court did not make any. Williams filed a motion for new trial that the trial court denied by order of December 19, 2018. This appeal followed.

## ISSUES AND STANDARDS OF REVIEW

In the trial court, Williams sought judicial review of the Department's appeals panel's decision. Labor code section 410.301 governs judicial review of administrative-level workers' compensation decisions regarding compensability or benefits eligibility. *See* TEX. LAB. CODE § 410.301; *Morales v. Liberty Mut. Ins. Co.*, 241 S.W.3d 514, 516 (Tex. 2007). The issues decided by the Department's appeals panel are tried to the court or to a jury, and the appealing party bears the burden of proof by a preponderance of the evidence. TEX. LAB. CODE § 410.303. The records of a contested case hearing are admissible "in accordance with the Texas Rules of Evidence," and trial "is limited to issues decided by the appeals panel and on which judicial review is sought." *Id.* § 410.302. "However, the fact finder does not simply review the appeals panel decision for reasonableness, but decides the issues independently based on a preponderance of the evidence." *Sec. Nat'l Ins. Co. v. Farmer*, 89 S.W.3d 197, 200 (Tex. App.—Fort Worth 2002, pet. denied). All issues

–5–

other than compensability or benefits eligibility are reviewed under the substantial evidence rule. TEX. LAB. CODE § 410.255(b); *Sec. Nat'l Ins. Co.*, 89 S.W.3d at 200–01. Under the substantial evidence rule, the trial court is concerned only with the reasonableness of the agency's order, not its correctness. *Sec. Nat'l Ins. Co.*, 89 S.W.3d at 200–01.

Williams now appeals the trial court's judgment affirming the appeals panel's decision. In three issues, Williams contends the trial court erred by rendering judgment for the City.

In his first issue, Williams contends the trial court erred by denying his motion for new trial. He argues that a new trial was warranted because (1) the City presented new medical evidence at trial that Williams had insufficient time to review, (2) the trial court "failed to address spoliation of evidence," and (3) the trial court should have restricted its review to the original administrative record, not the later-corrected record. We review the denial of a motion for new trial for abuse of discretion. *Dugan v. Compass Bank*, 129 S.W.3d 579, 582 (Tex. App.—Dallas 2003, no pet.). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, without reference to any guiding rules or principles. *Id.*

In his second issue, Williams contends the trial court erred by failing to file findings of fact and conclusions of law after he made a timely request. As we discuss below, Williams waived his right to complain of the trial court's failure to file findings. Under these circumstances, we must imply all necessary findings to

–6–

support the trial court's judgment. *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017).

In his third issue, Williams challenges the trial court's evidentiary rulings. The Texas Rules of Evidence apply to the trial court's review of the Department's rulings. *See* TEX. LAB. CODE § 410.306. We review the trial court's rulings on admission or exclusion of evidence for abuse of discretion. *Williams v. Cty. of Dallas*, 194 S.W.3d 29, 31–32 (Tex. App.—Dallas 2006, pet. denied).

In a subpart of his third issue, Williams argues that had the trial court "restrict[ed] the case to the scope of compensability" under the labor code, the evidence showed (1) he was injured on February 29, 2016, in the course and scope of his employment, (2) his medical records supported his claim, but the City tampered with the records, and (3) he gave adequate and timely notice to the City of his work-related injury. We construe this complaint as a challenge to the sufficiency of the evidence. Where, as here, there is a reporter's record, the trial court's implied findings may be challenged for legal and factual sufficiency in the same manner as challenges to express findings of fact or jury findings. *Shields Ltd. P'ship*, 526 S.W.3d at 480.

In evaluating the legal sufficiency of the evidence to support a finding, we credit favorable evidence if a reasonable factfinder could, and disregard contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Evidence is legally sufficient if it is more than a

"scintilla" of evidence on which a reasonable factfinder could find the fact to be true. *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 613 (Tex. 2016).

In reviewing the factual sufficiency of the evidence, we review all the evidence and will set aside the finding only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam).

In a bench trial, the trial court is the sole judge of the credibility of the witnesses and may believe one witness over another and resolve any conflicts or inconsistencies in the testimony. *Shaw v. County of Dallas*, 251 S.W.3d 165, 169 (Tex. App.—Dallas 2008, pet. denied).

DISCUSSION

## 1. Scope of the trial court's review

In all three of his issues, Williams complains that the trial court erred by admitting and considering evidence outside the scope of the parties' rule 11 agreement. *See* TEX. R. CIV. P. 11 (agreements between attorneys or parties in pending suits). Williams contends that the trial court "erred by not restricting the case to regard compensability under Texas Labor Code § 409.001." He argues the evidence he offered showed he suffered a compensable injury in the course and scope of his employment, and in contrast, the City did not "address compensability" but "instead, wast[ed] the majority of any proceedings time with fabricated matters"

that Williams was required "to refute in order to place the proceedings['] focus back on course." And he specifically complains that the trial court should not have considered the Department's corrected order. We disagree that the trial court's review exceeded the proper scope.

The parties attempted to reach agreement regarding "the scope of what the live issues are in this case," as the trial court explained at a pretrial hearing. The City initially proposed that "the scope of this lawsuit will be limited to the judicial review of the Plaintiff's Worker's Compensation claim against the City of Richardson, self-insured. We'd also like an agreement as to the admissibility of the records from the administrative hearing."

Williams did not agree to this proposal. Addressing the City's counsel, the trial court stated, "I'm not going to make this man [Williams] agree to anything." The court continued, "You [the City] can certainly present everything you want to present and I will rule accordingly." The court summarized the discussion as follows: "THE COURT: Here's what we are agreeing to: Nothing. Except we're agreeing that the review of this Court is a review of the judicial record . . . as it stands or as it's argued according to the law as it would apply to this case."

The trial court's statement correctly reflected the scope of the trial court's review under the labor code. *See* TEX. LAB. CODE §§ 410.301–.304. The parties agreed to "[n]othing" that deviated from these standards, and the trial court expressly stated its review of the Department's rulings would be "according to the law as it

–9–

would apply to this case." As the trial court noted, Williams was not required to agree in advance to the admissibility of any evidence, and he expressly declined to do so. As a consequence, rulings on the relevancy and admissibility of evidence would be made at trial and were within the trial court's sound discretion. *See Williams*, 194 S.W.3d at 31–32; *see also* TEX. R. EVID. 401 (evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action"); TEX. LAB. CODE § 410.306(a) (in judicial review of appeals panel decision, "[e]vidence shall be adduced as in other civil trials").

We discuss Williams's complaints about the trial court's rulings on specific evidence in our consideration of Williams's third issue, but decide his broader complaint about the scope of the proceedings against him.

## 2. Motion for new trial

In his first issue, Williams argues the trial court erred by denying his motion for new trial because (1) the City presented new medical evidence "just barely before trial ending" that he had no time to review, and (2) he discovered "spoliation of evidence" by the City during trial.[2] Throughout trial, each party asserted that the other had falsified copies of Williams's medical and employment records to either show or remove any notations that Williams's injury was work-related. On the

---

[2] Williams also argues that the trial court should have considered only the Original Order, not the amended order. We consider this complaint in our discussion of Williams's third issue.

second day of trial, the City offered its Exhibit 9, a copy of Williams's medical records that had been produced in discovery. The City sought the records' admission into evidence in response to Williams's contentions that certain of his medical records had been altered. Williams's only objection to Exhibit 9's admission at trial was that it was missing communications showing the City violated federal privacy law by obtaining certain records from Dr. Acosta. The trial court overruled Williams's objection and admitted Exhibit 9 into evidence.

In his motion for new trial, Williams argued that he objected to the records' admission because "there was no continuing medical for his back injury, as [he] has not seen a doctor since October 2016 for this issue." He contended a new trial was necessary because (1) he "was unaware of the evidence and had no notice of its existence before it was presented in Court"; (2) the evidence "would likely cause a different result in a new trial" because Williams "established inconsistencies in statements and medical treatment documentation by his treating physicians at the time," and "[t]hese inconsistencies become pertinent in determining cause of injury and if a compensable injury was sustained"; and (3) with admission of the records, the scope of the trial would have been broadened so that Williams could have offered additional evidence about his medical treatment and his employment.

A party seeking a new trial on grounds of newly-discovered evidence must demonstrate to the trial court that (1) admissible, relevant evidence has come to its knowledge since the trial, (2) its failure to discover the evidence sooner was not due

to lack of diligence, (3) the evidence is not cumulative or to be used for impeachment, and (4) the evidence is so material it would probably produce a different result if a new trial were granted. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010); *New Amsterdam Cas. Co. v. Jordan*, 359 S.W.2d 864, 866 (Tex. 1962).

Williams did not explain how his past medical records had come to his knowledge only after the trial or how the evidence was not cumulative or to be used for impeachment. *See Waffle House, Inc.*, 313 S.W.3d at 813; *New Amsterdam Cas. Co.*, 359 S.W.2d at 866. To the contrary, his motion indicates he sought a new trial to challenge the credibility of the City's evidence and "establish[ ] inconsistencies." *See Watts v. Watts*, 396 S.W.3d 19, 23 (Tex. App.—San Antonio 2012, no pet.) (trial court did not abuse its discretion by denial of motion for new trial that "asserted only that the newly discovered evidence was material in assessing [a party's] credibility"); *Cornelison v. Aggregate Haulers, Inc.*, 777 S.W.2d 542, 547 (Tex. App.—Fort Worth 1989, writ denied) ("the alleged newly-discovered evidence would only have gone to the impeachment of the witness who testified, and therefore did not establish sufficient grounds for motion for new trial based on newly-discovered evidence"). In addition, Williams's motion for new trial did not inform the trial court of any specific new information in Exhibit 9 that he had not already challenged. Finally, because Williams did not submit an affidavit swearing to facts supporting his request for a new trial, the trial court did not abuse its discretion by

denying his motion on that basis. *See Vodicka v. N. Am. Title Co.*, No. 05-13-00126-CV, 2014 WL 348530, at *4 (Tex. App.—Dallas Jan. 30, 2014, no pet.) (mem. op.).

Williams also contends the trial court erred by denying his motion for new trial because the trial court "failed to address spoliation of evidence after Williams provided concern and proof before the court." As we have noted, however, each party alleged the other had submitted altered records to the trial court, and the trial court was the sole judge of the parties' credibility on this issue. *See Shaw*, 251 S.W.3d at 169.

We conclude the trial court did not abuse its discretion by denying Williams's motion for new trial. *See Dugan*, 129 S.W.3d at 582. We decide Williams's first issue against him.

### 3. Request for findings

Williams's second issue challenges the trial court's failure to file findings of fact and conclusions of law. After a bench trial, a party may request that the trial court issue separate written findings of fact and conclusions of law. TEX. R. CIV. P. 296. The party must file its request within twenty days after the signing of the judgment. *Id.* If the trial court does not file its findings of fact and conclusions of law within twenty days after the party's timely request, then the party must file a "Notice of Past Due Findings of Fact and Conclusions of Law" within thirty days of its original request. TEX. R. CIV. P. 297. Otherwise, the party waives its appellate complaint of the trial court's failure to file findings of fact and conclusions of law.

*Jimenez v. McGeary*, 542 S.W.3d 810, 812 (Tex. App.—Fort Worth 2018, pet. denied); *see also Las Vegas Pecan & Cattle Co., Inc. v. Zavala Cty.*, 682 S.W.2d 254, 255–56 (Tex. 1984) (applying former procedural rules).

The trial court rendered judgment on October 21, 2019. Williams timely filed his request for findings of fact and conclusions of law on November 11, 2019. *See* TEX. R. CIV. P. 296. Thus, the trial court's findings of fact and conclusions of law were due twenty days later, on December 1, 2019. *See* TEX. R. CIV. P. 297. After the trial court did not issue them, Williams's notice of past due findings of fact and conclusions of law was due on December 11, 2019, thirty days after the date of his original request. *See id.*

Williams argues that his post-judgment request on November 11, 2019, served as a notice of past due findings because before trial, he filed proposed findings. On November 11, 2019, however, findings were not "past due," nor did Williams contend they were. Williams's November 11, 2019 filing requested the court to "state separately, in writing" and "file such findings of fact and conclusions of law with the clerk of the said Court so that they become a part of the record of said cause." Although certain prematurely-filed requests may be deemed timely, *see* TEX. R. CIV. P. 306c, this Court has concluded that "rule 306c does not include a prematurely filed notice of past due findings of fact and conclusions of law." *Nisby v. Dentsply Int'l, Inc.*, No. 05-14-00814-CV, 2015 WL 2196627, at *2 (Tex. App.—Dallas May 11, 2015, no pet.) (mem. op.). We explained, "[i]f a notice of past due

–14–

findings were allowed to be prematurely filed, it would defeat the purpose of reminding the trial court that it has been requested to file findings and has not done so by the time prescribed by the rules of procedure." *Id.*; *see also Burley v. Burley*, No. 02-16-00119-CV, 2017 WL 4542854, at *2 (Tex. App.—Fort Worth Oct. 12, 2017, no pet.) (mem. op.) (collecting cases for same proposition).

Because Williams did not file a notice of past due findings and conclusions, he has waived error as to the absence of findings of fact and conclusions of law. *See* TEX. R. CIV. P. 297; *S.L. v. S.L.*, No. 02-19-00017-CV, 2020 WL 4360448, at *6 (Tex. App.—Fort Worth July 30, 2020, no pet.) (mem. op.); *Bank of Am., N.A. v. Groff*, No. 14-19-00726-CV, 2021 WL 98559, at *2 (Tex. App.—Houston [14th Dist.] Jan. 12, 2021, no pet.) (mem. op.).We decide Williams's second issue against him.

**4. Admission of evidence**

In his third issue, Williams contends the trial court erred by admitting the Department's corrected opinion and order into evidence. He also complains the trial court erred by admitting evidence regarding Williams's job performance and evidence regarding a "fabricated police report." We conclude the trial court did not abuse its discretion in these evidentiary rulings.

First, as we have explained, the corrected opinion and order changed two incorrect dates in six places in the "Discussion" section of the Original Order. In four places, the date of injury was incorrectly stated as "September 29, 2016," and

in two places, the date of a performance review was stated as "March 22, 2016" rather than "March 2, 2016." The "Findings of Fact" section, however, contained the correct date of the alleged injury, February 29, 2016. Conclusion of Law number three, "Claimant did not sustain a compensable injury on February 29, 2016," also contained the correct date. February 29, 2016, was the dispositive date for purposes of Williams's claim. Further, the record reflects that the correct dates were supported by evidence admitted in the original record before the hearings examiner. Equally important, the trial court was not bound by the Original Order, was aware of the errors, and could make its own credibility determination accordingly. *See Tex. Dep't of Ins., Workers' Comp. Div. v. De Los Santos*, 446 S.W.3d 800, 806 (Tex. App.—San Antonio 2014, no pet.) ("When a court is the trier of fact, it is to consider the decision of the Divison's Appeals Panel. . . . However, the court is not required to accord the Division's decision any particular weight.") (citing TEX. LAB. CODE § 410.304(b)). For these reasons, we conclude that the trial court did not abuse its discretion by admitting the Department's "Order on Motion to Correct Clerical Errors" into evidence. *See Williams*, 194 S.W.3d at 31–32.

Next, we conclude the trial court did not err in its rulings regarding evidence of Williams's job performance. In fact, in the second record excerpt quoted in Williams's brief, the trial court sustained his objections to this testimony after confirming that Williams was "not making any claims for retaliation in [his] dismissal." In the first excerpt, the trial court overruled Williams's objection to

testimony about his request for a GPS rather than memorizing his route. In response to Williams's objection, the City explained the evidence supported its contention that Williams filed his worker's compensation claim only after he had been terminated for issues relating to his job performance. We conclude it was within the trial court's discretion to admit the evidence. *See Williams*, 194 S.W.3d at 32 (court of appeals will uphold trial court's ruling on admission of evidence "if there is any legitimate basis for the ruling").

Last, we conclude the trial court did not err by any rulings relating to the allegedly "fabricated police report" offered by the City and a corresponding video offered by Williams. At the outset of trial, the trial court admitted the entire administrative record into evidence. The police report was part of that record, so the court overruled Williams's objection to it. The trial court also permitted Williams to cross-examine Moreno on the subject and to play the corresponding video for the court. Although Williams complains that the trial court "showed a lack of interest[ ]" in the video, he does not explain how the trial court's rulings were an abuse of discretion. *See Williams*, 194 S.W.3d at 31–32. We decide the portion of Williams's third issue challenging the trial court's evidentiary rulings against him.

## 5. Sufficiency of the evidence

In a subpart of his third issue, Williams argues that he met his burden to prove he was injured in the course and scope of his employment on February 29, 2016, citing evidence that (1) he was examined by a physician on that date, (2) he received

an MRI and X-rays of his lower back area, inconsistent with the City's contention that he visited the doctor for hypertension on that date, (3) the City tampered with his medical records, and (4) his employment was a "substantial factor" in, and therefore a producing cause of, his injury, supported by medical records showing he reported "sitting in a tight seat at work," (5) the City attempted to mislead the court by offering photos showing a different type of truck than the one in which he was injured, (6) he timely gave sufficient notice of his injury to his direct supervisor, and (7) the City fabricated evidence of problems with his job performance.

The City, however, also offered evidence relevant to each of these contentions. Morino testified that Williams told him his injury was not work-related; Williams's supervisor denied that Williams notified him that he had been injured at work on February 29, 2016; Williams had continuing back problems from an earlier injury; Williams altered his medical records; Williams's true reason for not returning to work arose from problems with his job performance, not his injury; and the City did not receive information from either Williams or any other source that Williams had suffered a work-related injury on February 29, 2016, until May 2017, when the Department notified the City that Williams had submitted a claim for compensation to the Department.

The trial court heard all of the evidence from Williams and from the City and was the sole judge of its credibility. *See Shaw*, 251 S.W.3d at 169. "When there is conflicting evidence, it is the province of the factfinder to resolve such conflicts."

*Yazdani-Beioky v. Sharifan*, 550 S.W.3d 808, 821 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (citing *City of Keller*, 168 S.W.3d at 820). After reviewing all the evidence, we conclude (1) there is more than a scintilla of evidence supporting the trial court's implied findings, and (2) the trial court's implied findings are not so against the great weight and preponderance of the evidence as to be clearly wrong or unjust. *See Crosstex N. Tex. Pipeline, L.P.*, 505 S.W.3d at 613; *Dow Chem. Co.* 46 S.W.3d at 242; *Cain*, 709 S.W.2d at 176.

We decide the remainder of Williams's third issue against him.

### CONCLUSION

The trial court's judgment is affirmed.

|  | /Leslie Osborne// |
|---|---|
| 200085f.p05 | LESLIE OSBORNE |
|  | JUSTICE |



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANDRE W. WILLIAMS, SR.,
Appellant

No. 05-20-00085-CV     V.

CITY OF RICHARDSON, SELF
INSURED, Appellee

On Appeal from the 192nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-02050.
Opinion delivered by Justice
Osborne. Justices Pedersen, III and
Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee City of Richardson, Self Insured recover its costs of this appeal from appellant Andre W. Williams, Sr.

Judgment entered this 31st day of August, 2021.